IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Ying Yao, on behalf of herself** ) <br> **and all others similarly situated** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **Carillon Tower/Chicago LP;** ) <br> **Forefront EB-5 Fund (ICT) LLC;** ) <br> **Tizi LLC d/b/a Local Government** ) <br> **Regional Center of Illinois;** ) <br> **TD Bank N.A.;** ) <br> **Symmetry Property Development II LLC;** ) <br> **Fordham Real Estate LLC;** ) <br> **And Jeffrey L. Laytin** ) <br> **Defendants.** ) | **No.: 1: 18-cv-07865** <br><br> **Judge: Hon. Kocoras** |

**PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**

Plaintiffs move this Honorable Court for enforcement of a settlement agreement styled as a "Redemption Agreement" between the current lead Plaintiff Annabelle Yao ("Yao") and Defendant Carillon Tower/Chicago LP (the "LP"). In support of this Motion, Yao states as follows:

1. Yao and the LP entered into a fully executed Redemption Agreement effective January 31, 2019, a signed copy of which is attached as Exhibit 1.

2. Pursuant to the Redemption Agreement, the LP agreed to redeem Yao's limited partnership interest for $562,500 on condition that she sign the Redemption Agreement and send a letter to her immigration attorney instructing him to withdraw her immigration forms relating to the LP.

3. By January 28th, Yao complied with the requirement of signing the Agreement and sending the letter to her attorney; this letter is attached to her signature pages and bank instructions on Exhibit 1.

4. Section 3 of the Redemption Agreement requires the LP to pay Yao "promptly after receipt of (1) a copy of this Agreement Executed by Yao, and (2) a letter signed by Yao, addressed to her immigration counsel [withdrawing her I-526]."

5. "Promptly" means "instantly, quickly, without delay, straight away, expeditiously, as soon as possible." See Oxford English Dictionary and Thesaurus, at https://en.oxforddictionaries.com/thesaurus/promptly (last visited February 5, 2019)

6. The Redemption Agreement was negotiated over a span of ten days, with both sides making changes, so the LP should have been fully prepared to fund immediately when Yao's signature page and materials were provided to the LP on January 28, 2019.

7. Yao's counsel gave instructions to LP's counsel on numerous occasions that funding should take place no later than the Chinese New Year (February 4th in the USA) because banks would be closed in China for most of the week causing a further delay, and furthermore, as a matter of Chinese culture, Yao needed the money to participate in the Chinese tradition of gifting red envelopes of money on Chinese New Year. The LP was informed that the failure to wire the money "promptly" as required by the Redemption Agreement would create additional delays and deprive Yao of an important cultural event.

8. The Defendant LP had all the documents they needed from Yao and could have initiated a wire at any time after January 28, 2019. Their failure to do so is without any stated reason.

9. Plaintiffs have moved for a preliminary injunction ordering the LP and its affiliates to provide evidence that they have the assets to adequately provide a legal remedy for the members of the Plaintiff class. However, that motion was subsequent to this Redemption Agreement, which remains an independent obligation of the LP.

10. The Redemption Agreement is for all intents and purposes a settlement agreement, providing for a cash payout in return for Plaintiff releasing claims against the Defendant LP and its affiliates.

11. This Court has the inherent power to enforce settlement agreements, especially when – as here -- they are in writing and their terms are clear. Further, section 15 of the Redemption Agreement grants this Court with jurisdiction and venue over all disputes such as the instant dispute over the LP's failure to comply with the terms of the Redemption Agreement.

WHEREFORE, Plaintiffs seek an Order from this Court granting this Motion and finding that:

A. The Redemption Agreement is binding and enforceable; and

B. Judgment is entered against the LP in the amount of $562,500.


Dated: February 6, 2019

                                                    Respectfully Submitted,

*/s/ Douglas Litowitz*

Attorney for Plaintiffs

Douglas Eliot Litowitz
413 Locust Place
Deerfield, IL 60015
(312) 622-2848

### Certificate of Service

I certify that on the 6th day of February, 2019, I electronically filed this Motion for Preliminary Injunction with the Clerk of the Court using the CM/ECF system.

*/s/ Doug Litowitz*