IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Annabelle Yao, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>Carillon Tower/Chicago LP, *et al.*,<br><br>      Defendants. | No. 18-cv-07865<br><br>Hon. Charles P. Kocoras<br>Magistrate Judge Young B. Kim |

**TD BANK'S MOTION TO DISMISS THE
<u>CLASS ACTION COMPLAINT</u>**

Under Federal Rules of Procedure ("FRCP") 12(b)(2), (3), and (6) and 9(b), Defendant TD Bank, N.A. ("TD Bank"), by its attorneys, O'Melveny & Myers LLP and Rachlis Duff Peel & Kaplan, LLC, respectfully moves to dismiss the Class Action Complaint for Securities Fraud, Breach of Contract and Breach of Fiduciary Duty (the "Complaint") (Doc # 1) and requests that this Court enter an Order dismissing with prejudice Counts IV, V and VII of the Complaint. In support of this motion, TD Bank states as follows:

1. All Counts against TD Bank should be dismissed pursuant to FRCP 12(b)(2) because this Court lacks personal jurisdiction over TD Bank. TD Bank is not organized under the laws of Illinois, maintains its main office in Wilmington, Delaware and its principal place of business in Cherry Hill, New Jersey, does not conduct business in Illinois, and is not alleged to have engaged in any conduct relevant to Plaintiffs' claims in Illinois.

2. All Counts against TD Bank should be dismissed pursuant to FRCP 12(b)(3) because this Court is not the right venue for this action, as the agreement the Complaint alleges TD Bank breached provides that New York courts shall have exclusive jurisdiction for all claims arising out of or relating to that agreement. Further, the facts alleged in the Complaint are insufficient to tie TD Bank to Illinois under the long-arm statute, and hauling TD Bank into this Court would be contrary to fundamental notions of fairness and due process.

3. In Count IV, Plaintiffs allege that TD Bank breached an unsigned escrow agreement by wrongfully releasing Plaintiffs' funds. This claim should be dismissed pursuant to FRCP 12(b)(6) because Plaintiffs have failed to allege that the unsigned escrow agreement attached to the Complaint is a valid and binding contract, and Plaintiffs lack standing because they are neither parties to nor third-party beneficiaries of that alleged agreement.

4. In Count V, Plaintiffs allege TD Bank committed fraud based on misstatements on a website about a project in which Plaintiffs invested. This claim should be dismissed pursuant to FRCP 12(b)(6) and 9(b) because, among other reasons, the Complaint does not plead any facts tying TD Bank to the alleged fraud (let alone the required particularized facts under FRCP 9(b)), but instead actually pleads the opposite of fraud as to TD Bank, and the fraud claim is entirely duplicative of the contract claim.

5. In Count VII, Plaintiffs request the appointment of a third party administrator. This claim should be dismissed because it is an equitable remedy, not a cause of action.

6. This motion is supported by an accompanying memorandum of Law, which is incorporated herein by reference.

WHEREFORE, for the reasons set forth above and in its supporting memorandum of law, TD Bank respectfully requests that the Court enter an Order under FRCP 12(b)(2), (3), (6) and 9(b), dismissing with prejudice Counts IV, V, and VII of the Complaint.

Dated: February 8, 2019

Respectfully submitted,

| | |
|---|---|
| Edward N. Moss (admitted *pro hac vice*) | /s/ Kevin B. Duff |
| Nathaniel Asher (admitted *pro hac vice*) | Kevin B. Duff |
| O'MELVENY & MYERS, LLP | Michael Rachlis |
| 7 Times Square | RACHLIS DUFF PEEL & KAPLAN, LLC |
| New York, NY 10036 | 524 South Dearborn Street, Suite 900 |
| (212) 326-2000 | Chicago, IL 60605 |
| | (312) 733-3390 |

*Attorneys for Defendant TD Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.

/s/ Kevin B. Duff