```
 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3
      ANNABELLE YAO, on behalf of herself   )  Docket No. 18 C 7865
 4    and all others similarly situated,    )
                                            )
 5                         Plaintiff,       )
                                            )
 6                 vs.                      )
                                            )
 7    CARILLON TOWER/CHICAGO LP, et al.,    )  Chicago, Illinois
                                            )  February 12, 2019
 8                         Defendants.      )  9:30 o'clock a.m.

 9
              TRANSCRIPT OF PROCEEDINGS - STATUS AND MOTIONS
10               BEFORE THE HONORABLE CHARLES P. KOCORAS

11
     APPEARANCES:
12

13   For the Plaintiff:      GLEN J. DUNN & ASSOCIATES
                             BY:  MR. GLEN J. DUNN, JR.
14                           221 N. LaSalle St., Suite 1414
                             Chicago, Illinois  60601
15
                             MR. DOUGLAS E. LITOWITZ
16                           413 Locust Place
                             Deerfield, Illinois  60015
17

18   For the Defts.          GREENBERG TRAURIG LLP
     Carillon Tower,         BY:  MR. DANIEL G. HILDEBRAND
19   Forefront, Symmetry     77 W. Wacker Drive, Suite 3100
     and Laytin:             Chicago, Illinois  60601
20

21   For the Deft. Tizi:     SEYFARTH SHAW LLP
                             BY:  MR. COLTON D. LONG
22                           233 S. Wacker Drive, Suite 8000
                             Chicago, Illinois  60606
23

24   For the Deft. TD Bank:  O'MELVENY & MYERS, LLP.
                             BY:  MR. EDWARD N. MOSS
25                           7 Times Square
                             New York, New York  10036
```

```
 1   APPEARANCES  (Continued):

 2
     For the Deft. TD Bank:   RACHLIS DUFF ADLER PEEL & KAPLAN, LLC
 3                            BY:  MR. KEVIN B. DUFF
                              542 S. Dearborn St., Suite 900
 4                            Chicago, Illinois  60605

 5
     For the Deft. Fordham:   PRETZEL & STOUFFER, CHTD.
 6                            BY:  MR. JAMES J., SIPCHEN
                              One S. Wacker Drive, Suite 2500
 7                            Chicago, Illinois  60606

 8
     Court Reporter:          MS. JOENE HANHARDT
 9                            Official Court Reporter
                              219 S. Dearborn Street, Suite 1744-A
10                            Chicago, Illinois  60604
                              (312) 435-6874
11
                 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
12
                         PROCEEDINGS RECORDED BY
13                         MECHANICAL STENOGRAPHY
                      TRANSCRIPT PRODUCED BY COMPUTER
14

15

16

17

18

19

20

21

22

23

24

25
```

1     THE CLERK: 18 C 7865, Yao vs. Carillon Tower/Chicago
2  LP, et al. Status; motion for preliminary injunction; to
3  enforce; and, motion to dismiss.
4     MR. DUNN: Good morning, your Honor, Glen Dunn --
5  D-u-n-n -- for plaintiffs.
6     THE COURT: Good morning.
7     MR. LITOWITZ: Doug Litowitz -- L-i-t-o-w-i-t-z -- for
8  plaintiffs.
9     MR. HILDEBRAND: Dan Hildebrand, Greenberg Traurig,
10 for the Carillon, Symmetry, Forefront and Mr. Laytin
11 defendants.
12    MR. LONG: Colton Long, Seyfarth Shaw LLP, for the
13 defendant Tizi LLC.
14    MR. SIPCHEN: Good morning, your Honor, Jim Sipchen
15 representing the defendant Fordham Real Estate LLC.
16    MR. MOSS: Good morning, your Honor, Edward Moss here
17 for TD Bank.
18    MR. DUFF: Good morning, your Honor, Kevin Duff, also
19 for TD Bank.
20    THE COURT: Good morning.
21    So, where are we in this $49.5 million case?
22    MR. DUNN: Judge, where we are at right now is that
23 Mr. Laytin and the general partner, as well as Fordham, who is
24 the developer, and TD Bank, who is escrow agent, they have all
25 filed motions to dismiss.

1                    There are various bases, but one of the bases is that
2       Ms. Yao, the class representative and current plaintiff, has
3       signed a settlement agreement with Mr. Laytin.
4                    We have filed --
5                    THE COURT: As to all of her claims?
6                    MR. DUNN: As to all of her claims, yes.
7                    We are currently in -- we were in -- negotiations with
8       Dan regarding -- and with Mr. Laytin regarding -- settlement of
9       our nine other clients. Those negotiations have gone nowhere.
10                   We filed a motion to enforce the settlement, because
11      we think that they are in breach of the terms. But I have a
12      suggestion for the Court.
13                   It appears in their motion to dismiss that EB-5, the
14      fund, and Mr. Laytin, who is the primary party here because
15      through the PPM and through the offering there are various
16      indemnification agreements that all -- all -- of these parties
17      kind of lead back to Mr. Laytin.
18                   So, what we might suggest to the Court is that as we
19      were talking with Mr. Hildebrand, we wanted to file an amended
20      complaint adding our other plaintiffs.
21                   And what we might suggest is, since they have said in
22      their pleadings that they anticipate they encountered some
23      unanticipated obstacles with a family trust or some other
24      things to pay the money, which has its own set of concerns, but
25      if we can set a date for them to make the payment that they

1 anticipate making to Ms. Yao, which is a $562,000 payment, out
2 of, you know, $50 million worth of funds, maybe we can set a
3 status date after that, before which we can file our amended
4 complaint.
5     And, in that way, either they will have paid Ms. Yao;
6 she will be out; we can amend her out and add our nine new
7 plaintiffs; or, they will not have paid Ms. Yao and, then, we
8 will file an amended complaint with ten plaintiffs, including
9 Ms. Yao, and we will be filing a different motion, whether it
10 is a motion for sanctions or for whatever the case may be.
11     And, at that time, the other defendants -- I think we
12 can cure some of what the other defendants are complaining of,
13 in terms of the factual pleading. And, at that time, they can
14 either review their motions or their motions will be moot.
15     And that might be the most efficient way for us to
16 proceed. And we can do that fairly quickly, if, you know --
17 depending on what Mr. Laytin's attorney can say, in terms of
18 what "paying in the coming days" means to them.
19     THE COURT: When is the payment scheduled or
20 anticipated?
21     MR. LITOWITZ: That's --
22     MR. DUNN: Let him -- let him -- talk.
23     MR. HILDEBRAND: Your Honor, if I may, Dan Hildebrand
24 for the Carillon Tower defendants.
25     The settlement agreement is fully executed. It runs

1  between Carillon Tower LP, the limited partnership entity of
2  which Mr. Laytin is a manager, okay, and Ms. Yao.
3          It is fully executed.  It provides for prompt payment
4  of the redemption consideration.
5          The structure of the agreement is to return the full
6  amount of Ms. Yao's limited partnership.
7          THE COURT:  Is that the $500,000?
8          MR. HILDEBRAND:  Yes, yes.
9          So, the -- it is called a redemption agreement.
10         The structure provides for the return of Ms. Yao's
11 full interest in the limited partnership.
12         And the terms of the agreement provide for prompt
13 payment.  And my clients intended to tender payment shortly
14 after the agreement was fully executed.  And they ran into some
15 internal issues, shall we say, with the structure of the
16 partnership.
17         I am really not privy to the details.
18         THE COURT:  Yes.
19         MR. HILDEBRAND:  I think they need to round up some
20 signatures from a family trust and they just didn't anticipate
21 that --
22         THE COURT:  Well, lots of --
23         MR. HILDEBRAND:  -- when we were executing the
24 agreement.
25         THE COURT:  -- times, in cases like this, it is a

1 question of rounding up money as opposed to signatures.
2             (Laughter.)
3             MR. HILDEBRAND:  Yes.
4             And I think -- I think -- that is where we are.
5             The only -- the only -- difficulty -- I am in general
6 agreement with Mr. Dunn's proposal.  I do not have enough
7 information to provide a date certain as to whether it will be
8 48 hours or 72 hours or --
9             THE COURT:  Well --
10            MR. HILDEBRAND:  -- another five days.
11            THE COURT:  -- "prompt" means sooner rather than
12 later.
13            MR. HILDEBRAND:  Yes, we understand that.
14            MR. LITOWITZ:  If I may, your Honor?
15            We filed a case in New York where Mr. Laytin, the
16 defendant, promised to make payment to a different investor in
17 this exact same deal in October and has not made payment.
18            There is a lawsuit in New York to enforce payment of
19 that settlement.  So, we have no faith whatsoever that this
20 money is anywhere.
21            We --
22            MR. DUNN:  All right.
23            Maybe you should give them an opportunity.
24            THE COURT:  Yes, yes.
25            Hold on.

1        Look --

2        MR. DUNN: If they are going to commit to a date and
3   the Court wants to enter an order, then we can proceed from
4   there.

5        THE COURT: The present tentative agreement is prompt
6   payment. So, we will know that sooner rather than later.

7        MR. LITOWITZ: It was prompt payment.

8        THE COURT: Pardon?

9        MR. LITOWITZ: Yes, it was prompt payment --

10        THE COURT: Right.

11        MR. LITOWITZ: -- two weeks ago.

12        THE COURT: Well, it will be even prompter now --

13        (Laughter.)

14        THE COURT: -- by two weeks.

15        (Laughter.)

16        THE COURT: Let me leave on hold the notion of an
17   amended complaint until I hear from anybody else who opposes
18   the notion of a short delay to see if payment is made and
19   whatever other terms of the agreement are satisfied; and, then,
20   the necessity to either have ten plaintiffs or nine new ones.

21        That is the proposal on the table.

22        Who has a dissent from that?

23        (No response.)

24        THE COURT: All right.

25        What period of time do you think is called for, to see

1  if the payment is made and your amendment, no matter which way
2  it goes -- either add nine or substitute nine for one?
3              MR. DUNN:  You know, I am going to be in Mississippi
4  all next week taking depositions in another matter.  So, I
5  don't think I can do it any faster than two weeks, your Honor.
6              And I think that gives -- Mr. Hildebrand had said 78
7  hours or maybe a couple days.  So, I think two weeks is
8  certainly within the period of time that --
9              THE COURT:  Two weeks would be more than ample.
10             MR. DUNN:  Okay.
11             THE COURT:  And if that is your schedule and you are
12 necessary here, then I am inclined to give you the two weeks
13 and see where it goes.
14             MR. DUNN:  I think that is great.
15             THE COURT:  Now, is there any -- was there a
16 request -- somebody wants a preliminary injunction for
17 information on various things.  And, so, is that still alive
18 and pending?
19             It is pending, but is it alive and precipitous --
20             MR. DUNN:  The character --
21             THE COURT:  -- for resolution?
22             MR. DUNN:  The character of that preliminary
23 injunction, your Honor, will be colored, I think, quite a lot
24 by whether or not Mr. Laytin agrees or whether he makes the
25 payment pursuant to his counsel's representation.

| | |
|---|---|
| 1 | And I think I would also suggest to the Court that |
| 2 | perhaps we continue that TRO until we reconvene in two weeks. |
| 3 | And, at that time, we will know whether or not there is good |
| 4 | faith, in terms of, you know, their intention -- |
| 5 | THE COURT: All right. |
| 6 | MR. DUNN: -- to make good on their settlement. |
| 7 | MR. HILDEBRAND: May I? |
| 8 | THE COURT: Go ahead. |
| 9 | MR. HILDEBRAND: Yes. |
| 10 | So, your Honor, I understand the practical wisdom of |
| 11 | the approach Mr. Dunn is advocating. And I just want to state |
| 12 | my client's position for the record. |
| 13 | Having entered into an executed settlement agreement, |
| 14 | Ms. Yao is not properly before the Court. That is why we filed |
| 15 | a motion to dismiss based on lack of subject matter |
| 16 | jurisdiction. |
| 17 | So, I am happy to go along with this, but there is no |
| 18 | plaintiff right now that can assert a preliminary injunction. |
| 19 | THE COURT: Well -- |
| 20 | MR. HILDEBRAND: There is a further -- |
| 21 | THE COURT: -- she is still in this case, right? |
| 22 | MR. DUNN: Yes. |
| 23 | MR. LITOWITZ: She hasn't -- |
| 24 | THE COURT: Yes. I have not gotten rid of her yet. |
| 25 | MR. DUNN: Right. |

Case: 1:18-cv-07865 Document #: 70 Filed: 03/25/19 Page 11 of 15 PageID #:1141

11

```
1              MR. LITOWITZ:  Right.
2              THE COURT:  So, she is alive and well --
3              MR. DUNN:  Correct.
4              THE COURT:  -- and waiting for her 500,000 bucks.
5              MR. HILDEBRAND:  I understand, your Honor.
6              THE COURT:  Okay?
7              All right.
8              MR. HILDEBRAND:  I just wanted to get our subject
9    matter --
10             THE COURT:  I appreciate that --
11             MR. HILDEBRAND:  -- jurisdiction on the record.
12             THE COURT:  -- but those are pending matters.  And
13   there have been no court orders saying she is a non-entity
14   here.
15             MR. DUNN:  That is right.
16             MR. HILDEBRAND:  Very good.
17             THE COURT:  So, I, at least facially, have subject
18   matter jurisdiction.
19             MR. HILDEBRAND:  You do.  And I agree with the wisdom
20   of Mr. Dunn's approach.
21             THE COURT:  All right.
22             MR. HILDEBRAND:  I just wanted to get that position on
23   the record.
24             THE COURT:  All right.
25             I take it there is no dissent to putting everything
```

1   over for two weeks, to see if the execution is achieved and
2   what the nature of the amendment is going to look like and how
3   much time would be needed to prepare such and file such.
4         MR. LITOWITZ:  I do have one thing, your Honor, if you
5   don't -- if you don't -- mind me asking?
6         THE COURT:  No.
7         MR. LITOWITZ:  Our clients put forty-nine-and-a-half
8   million dollars into this in 2015.
9         The project was rejected.  It has gone nowhere.
10        The money can't have been spent on anything because
11  there is no project.
12        THE COURT:  Was this the property at -- I realize --
13        MR. LITOWITZ:  Superior and Wabash.
14        THE COURT:  Superior and Wabash --
15        MR. LITOWITZ:  Yes.
16        THE COURT:  -- is a vacant lot?
17        MR. LITOWITZ:  It is a vacant lot.
18        It was rejected by Alderman Reilly and it can't go --
19  and it can't go -- before the City Planning Commission.  We
20  talked to them yesterday.
21        So, here is my point.
22        THE COURT:  Look, I know how the City works.
23        (Laughter.)
24        MR. LITOWITZ:  I got you.
25        So, here is my point.  If the money can't be spent on

1  anything, it must be somewhere.

2  TD was the last person that had it.  Because it went
3  from our clients to TD.

4  They are claiming that they don't know how they had it
5  or where it went or where it got to.

6  They are saying there may be a contract, there might
7  not be a contract.

8  It has got to be somewhere.

9  THE COURT:  I do not disagree.

10  MR. DUNN:  Right.

11  THE COURT:  It may have been dispersed or dissipated,
12  but people invested fifty million bucks, if you will -- just to
13  round -- and they did not get what they were promised.  That is
14  the gist of this case.

15  MR. LITOWITZ:  Yes.

16  THE COURT:  And I assure you before this proceeding is
17  over, there is going to be some answers to those questions.
18  Okay?

19  But the present question before the House is, is it
20  worth streamlining the pleadings and putting them in shape and
21  manifesting jurisdiction in this court by a delay of two weeks
22  and to see, at least, some bona fides in an agreement that has
23  already been reached and see if the term is satisfied.  Okay?

24  And I think it is, quite frankly.  And that is why I
25  asked the question about getting information.  Because fifty

```
 1   million bucks went someplace and this lawsuit is, "We want our
 2   money back."  I understand that.
 3             MR. DUNN:  Okay.
 4             THE COURT:  All right.  Give me a two-week date.
 5             THE CLERK:  February 26th at 9:30.
 6             THE COURT:  Okay.
 7             Good luck.  And we will see you in a couple of weeks.
 8             MR. HILDEBRAND:  Thank you, your Honor.
 9             THE COURT:  Thank you.
10             MR. DUNN:  Thank you, your Honor.
11             MR. LONG:  Thank you, your Honor.
12             MR. SIPCHEN:  Oh, your Honor?
13             THE COURT:  Yes?
14             MR. SIPCHEN:  There are motions to dismiss for
15   presentment dates that are on your calendar.
16             THE COURT:  Yes.
17             MR. SIPCHEN:  Maybe we can enter and continue those?
18             THE COURT:  Yes, they will all be entered and
19   continued --
20             MR. SIPCHEN:  Okay.
21             THE COURT:  -- and we will, at least, allude to them
22   when we next meet.
23             MR. SIPCHEN:  Okay.
24             THE COURT:  All right.
25             MR. SIPCHEN:  Very good.
```

1          Thank you, your Honor.

2          MR. LONG:  Thank you, Judge.

3          MR. DUNN:  Thank you, your Honor.

4                    *   *   *   *   *

5  I certify that the foregoing is a correct transcript from the
   record of proceedings in the above-entitled matter.

7  /s/ Joene Hanhardt                March 19, 2019
   Official Court Reporter