N THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lina Dou, *et al.*, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>Carillon Tower/Chicago LP, *et al.*,<br><br>      Defendants. | No. 18-cv-07865<br><br>Hon. Charles P. Kocoras<br>Magistrate Judge Young B. Kim |

**TD BANK'S MOTION TO DISMISS THE
FIRST AMENDED CLASS ACTION COMPLAINT**

Under Federal Rules of Procedure ("FRCP") 12(b)(2), (3), and (6) and 9(b), Defendant

TD Bank, N.A. ("TD Bank"), by its attorneys, O'Melveny & Myers LLP and Rachlis Duff Peel

& Kaplan, LLC, respectfully moves to dismiss the First Amended Class Action Complaint (the

"Amended Complaint") (ECF Doc # 69) and requests that this Court enter an Order dismissing

with prejudice Counts IV, V, VI, VII and IX of the Amended Complaint. In support of this

motion, TD Bank states as follows:

1.      All Counts against TD Bank should be dismissed pursuant to FRCP 12(b)(2)

because this Court lacks personal jurisdiction over TD Bank. TD Bank is not organized under

the laws of Illinois, maintains its main office in Wilmington, Delaware and its principal place of

business in Cherry Hill, New Jersey, does not conduct business in Illinois, and is not alleged to

have engaged in any conduct relevant to Plaintiffs' claims in Illinois.

2.     All Counts against TD Bank should be dismissed pursuant to FRCP 12(b)(3) because this Court is not the right venue for this action, as the agreement the Amended Complaint alleges TD Bank breached provides that New York courts shall have exclusive jurisdiction for all claims arising out of or relating to that agreement.  Further, the facts alleged in the Amended Complaint are insufficient to tie TD Bank to Illinois under the long-arm statute, and hauling TD Bank into this Court would be contrary to fundamental notions of fairness and due process.

3.     In Count IV, Plaintiffs allege that TD Bank breached an escrow agreement by wrongfully releasing Plaintiffs' funds.  This claim should be dismissed under FRCP 12(b)(6) because Plaintiffs lack standing because they are neither parties to nor third-party beneficiaries of the alleged agreement attached to the Amended Complaint.

4.     In Count VII, Plaintiffs allege that TD Bank committed fraud based on misstatements on a website about a project in which Plaintiffs invested.  This claim should be dismissed under FRCP 12(b)(6) and 9(b) because, among other reasons, the Amended Complaint does not plead any facts tying TD Bank to the alleged fraud (let alone the required particularized facts under FRCP 9(b)), but instead actually pleads the opposite of fraud as to TD Bank, and the fraud claim is entirely duplicative of the contract claim.

5.     In Count V, Plaintiffs allege that TD Bank converted Plaintiffs' funds by releasing their money to a third party in violation of the Escrow Agreement.  This claim should be dismissed under FRCP 12(b)(6) because Plaintiffs fail to allege the required elements of conversion, and the claim is duplicative of Plaintiffs' breach of contract claim.

6.      In Count VI, Plaintiffs allege that TD Bank tortiously interfered with Plaintiffs' contract with a partnership.  This claim should be dismissed because Plaintiffs fail to plead TD Bank intentionally and without justification induced the partnership's breach of that contract.

7.      In Count IX, Plaintiffs request the appointment of a third-party administrator. This claim should be dismissed because it is an equitable remedy, not a cause of action.

8.      This motion is supported by an accompanying memorandum of law, which is incorporated herein by reference.

WHEREFORE, for the reasons set forth above and in its supporting memorandum of law, TD Bank respectfully requests that the Court enter an Order under FRCP 12(b)(2), (3), (6) and 9(b), dismissing with prejudice Counts IV, V, VI, VII and IX of the Amended Complaint.

Dated: April 16, 2019

Respectfully submitted,

Edward N. Moss (admitted *pro hac vice*)
Nathaniel Asher (admitted *pro hac vice*)
O'MELVENY & MYERS, LLP
7 Times Square
New York, NY 10036
(212) 326-2000

/s/ Kevin B. Duff
Kevin B. Duff
Michael Rachlis
RACHLIS DUFF PEEL & KAPLAN, LLC
524 South Dearborn Street, Suite 900
Chicago, IL 60605
(312) 733-3390

*Attorneys for Defendant TD Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2019, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the attorneys of record at their e-mail addresses on file with the Court.


/s/ Kevin B. Duff