UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINA DOU, TINGYANG SHAO, YIXUAN TAO, XIUQUIN XING, EMMY GO, YANMING WANG, SHIYANG XIAO, LIHONG ZHAN, GELI SHI, and YING YAO, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 18 C 7865 |
| CARILLON TOWER/CHICAGO LP, FOREFRONT EB-5 FUND (ICT) LLC, TIZI LLC D/B/A LOCAL GOVERNMENT REGIONAL CENTER OF MINORS, TD BANK NA, SYMMETRY PROPERTY DEVELOPMENT II LLC, FORDHAM REAL ESTATE LLC, AND JEFFREY L. LAYTIN, | ) ) ) ) ) ) ) ) ) | Judge Charles P. Kocoras |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant Fordham Real Estate, LLC's ("Fordham") motion to dismiss the Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Fordham's motion.

**STATEMENT**

For purposes of this motion, the Court accepts as true the following facts from the amended complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All

reasonable inferences are drawn in the Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiffs are Chinese citizens residing in China who invested approximately $49.5 million in a development project in downtown Chicago called "Carillon Tower" ("the project"). Defendant Fordham is an Illinois limited liability company that was to be a co-developer of the project along with Defendants Symmetry Property Development II LLC ("Symmetry"). The remaining Defendants include Carillon Tower/Chicago LP ("Carillon"), a New York limited partnership; Forefront EB-5 Fund (ICT) LLC ("Forefront"), a New York limited liability company acting as the general partner of Carillon; Tizi LLC ("Tizi"), an Illinois limited liability company that is authorized to help developers raise money from foreigners under the EB-5 program; and Jeffrey L. Laytin ("Laytin"), the managing partner of Forefront and the manager of Symmetry.

The Plaintiffs were solicited to invest in an EB-5 project that would offer the promise of a green card in return for their investment. The Plaintiffs invested pursuant to a "Confidential Private Offering Memorandum dated January 15, 2015" (the "PPM"), which stated that the project was projected to be complete in October 2017. Each of the Plaintiffs wired $550,000 into an escrow account at TD Bank. The PPM stated that TD Bank was to release $50,000 of each investor's escrow funds to Carillon immediately as an administrative fee. However, the remaining funds were to be held until the "Holdback Trigger" had been satisfied, meaning that (1) USCIS approved the

2

Form I-526 Petition of one subscriber for a unit in the offering and (2) the project plan was formally submitted to the Chicago Commissioner of Planning and Development. The parties also entered into an Escrow Agreement which stated that if the offering is cancelled, the investors were entitled to a refund of their $550,000.

Despite the formal project plan submission never occurring, the investors' funds were released from the escrow account. Carillon then transferred the funds to Symmetry and Fordham. The Plaintiffs assert that this created a "loop of self-dealing" because Laytin had the authority to notify TD Bank that the Holdback Trigger was satisfied, causing the release of the investors' funds to Symmetry, which is also managed by Laytin.

The Plaintiffs further allege that the formal project plan can never be submitted to the Chicago Commissioner of Planning and Development because the project plan was rejected by Alderman Brendan Reilly, whose approval is a prerequisite to submission. Notwithstanding this potentially insurmountable obstacle, the website the Defendants used to market the project implies that it is active and ongoing. It also claims that the project is "100% safe," and that each investor has third-party insurance to obtain a return of their money if they are ineligible for a green card due to unforeseen circumstances. However, it is two years past the time the project was to be completed, and yet not a single shovel has been put into the ground.

Based on these events, the Plaintiffs filed a complaint on November 28, 2018, alleging securities fraud, breach of contract, and breach of fiduciary duty, among others.

The Plaintiffs amended their complaint on March 21, 2019. Fordham filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on April 16, 2019.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The Plaintiffs' amended complaint states two counts against Fordham: (1) Count VII for fraud and (2) Count IX for appointment of a third-party administrator. Fordham moves the Court to dismiss these counts against it because the amended complaint contains no allegations of wrongdoing as to Fordham, but attributes to them the alleged wrongdoing of other Defendants. Further, if the Court dismisses the fraud count as to

4

Fordham, we must also dismiss the administrator appointment count, as such a claim cannot stand without an underlying claim. The Court addresses each argument in turn.

**I. Sufficiency of Count VII Fraud Claim**

To properly state a claim for fraud, the Plaintiffs must allege: "(1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Barille v. Sears Roebuck and Co.*, 289 Ill.App.3d 171, 176 (1st Dist. 1997). This type of claim is governed by the Rule 9(b) heightened pleading standard, which dictates that claims must be stated "with particularity." Fed. R. Civ. P. 9(b). To meet this burden, "[a] complaint alleging fraud must provide 'the who, what, when, where, and how.'" *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

The Plaintiffs allegations with respect to Fordham do not rise to the level required by Rule 9(b). The amended complaint details the allegedly fraudulent statements made on the website used to solicit investors for the project. However, the amended complaint does not connect those statements to Fordham in anyway. It does not allege that Fordham authored the statement, aided in its posting, or had any knowledge of its alleged falsity. Moreover, the amended complaint does not allege that Fordham induced the Plaintiffs to invest in the project, received the disputed funds from the investors, or was charged with safeguarding the funds. Absent allegations concerning

5

a factual involvement in the alleged fraud, the amended complaint does not state a claim for fraud against Fordham. Thus, the Court must dismiss Count VII as to Fordham.

**II. Validity of Count IX Administrator Appointment Claim**

Given that the Court dismissed the fraud claim as to Fordham, we must also dismiss Count IX as it pertains to them. "The appointment of a receiver is not a cause of action in itself." *Chen v. Wang*, 1996 WL 732517, at *9 (N.D. Ill. 1996). Rather, it is a form of relief tied to a substantive claim. As there are now no substantive claims against Fordham, Count IX is also dismissed.

## CONCLUSION

For the aforementioned reasons, the Court grants Fordham's motion to dismiss without prejudice. It is so ordered.

Dated: 07/11/2019

_____

Charles P. Kocoras
United States District Judge