UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINA DOU, TINGYANG SHAO, YIXUAN TAO, XIUQUIN XING, EMMY GO, YANMING WANG, SHIYANG XIAO, LIHONG ZHAN, GELI SHI, and YING YAO, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> CARILLON TOWER/CHICAGO LP, FOREFRONT EB-5 FUND (ICT) LLC, TIZI LLC D/B/A LOCAL GOVERNMENT REGIONAL CENTER OF MINORS, TD BANK NA, SYMMETRY PROPERTY DEVELOPMENT II LLC, FORDHAM REAL ESTATE LLC, AND JEFFREY L. LAYTIN, <br><br> Defendants. | 18 C 7865 <br><br> Judge Charles P. Kocoras |

## ORDER

Before the Court is Defendant Carillon Tower/Chicago L.P. ("Carillon"), Forefront EB-5 Fund (ICT) LLC ("Forefront"), Symmetry Property Development II LLC ("Symmetry"), and Jeffrey Laytin's ("Laytin") (collectively, the "Carillon Defendants")[1] motion to dismiss the Plaintiffs' First Amended Complaint pursuant to

---

[1] For purposes of this Motion, the Court considers Defendants Carillon, Forefront, Symmetry, and Laytin together as the "Carillon Defendants" unless otherwise noted, as the Plaintiffs have sufficiently alleged their interconnectedness through a "loop of self-dealing."

Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is denied.

## **STATEMENT**

The underlying facts in this case are detailed in our prior opinion.[2] For purposes of this motion, the Court accepts as true the facts from the amended complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in the Plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

On April 16, 2019, the Carillon Defendants filed the instant motion to dismiss the amended complaint pursuant to Federal rule of Civil Procedure 12(b)(6). This type of motion "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). Plaintiffs need not provide detailed factual allegations, but they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

---

[2] 1:18-cv-7865, Dkt. 130.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

The Plaintiffs' amended complaint articulates six counts against the Carillon Defendants: (1) Count I for violations of the Securities Exchange Act, under 15 U.S.C. §78j; (2) Count II for violations of the Illinois Securities Act; (3) Count VII for fraud; (4) Count III for breach of contract; (5) Count IV for breach of fiduciary duty; and (6) Count IX for appointment of a third-party administrator.[3] The Carillon Defendants have filed the instant motion seeking dismissal of all counts. We evaluate each in turn.

## I. Sufficiency of Count I Federal Securities Exchange Act Claim

Rule 10b-5 "forbids making any untrue statement of a material fact or…omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading…in connection with the purchase or sale of any security." *Howe v. Shchekin*, 238 F.Supp.3d 1046, 1051 (N.D. Ill. 2017). "The canonical elements of a claim under § 10(b) of the Securities Exchange Act…and Rule 10b-5 are falsehood in connection with the purchase or sale of securities, scienter, materiality, reliance, causation, and loss." *Schleicher v. Wendt*, 618 F.3d 769 (7th Cir. 2010). Such a claim is subject to the heightened pleading standard of Rule 9(b), meaning that the complaint must be stated with particularity. Fed. R. Civ. P. 9(b).

---

[3] Counts III and IV are alleged against Carillon, Forefront, and Laytin. Symmetry has not been named as a party for the underlying allegation.

However, the Private Securities Litigation Reform Act ("PSLRA") imposed further pleading requirements on Rule 10b-5 claims. Specifically, "the PSLRA instructs that the complaint shall specify each statement alleged to have been misleading…and the reason or reasons why the statement is misleading." *Howe*, 238 F.Supp.3d at 1051–52. Further, the complaint must "give rise to a strong inference that the defendant acted with the required state of mind." *Id.* at 1052.

The Plaintiffs have adequately alleged a breach of the Securities Exchange Act. The Plaintiffs argue that the Carillon Defendants allegedly induced them via the Holdback Trigger clause to make this deal attractive to investors in the first place. By relying on this clause, the Plaintiffs' understanding was that their money would be released only when "the project plan was formally submitted to the Commissioner." However, the investors' funds were allegedly released before the formal submission of the project plans. Indeed, the Plaintiffs plausibly claim that the alleged purpose of the Holdback Trigger clause was to induce the Plaintiffs into investing, while giving the impression that their money would be safeguarded.

Moreover, the Plaintiffs have adequately pleaded scienter. The Carillon Defendants are allegedly an associated entity that played a role in enabling the release of the money in contravention of the Holdback Trigger clause. The Plaintiffs' allegations are clear: the Carillon Defendants "knowingly and with scienter fraudulently inserted the Holdback Trigger … with no intention of honoring it." While subsequent discovery may prove otherwise, the Plaintiffs have adequately asserted Count I for the

4

present motion.

**II. Sufficiency of Count II Illinois Securities Act Claim**

The elements of claims under Sections 12F and 12G of the Illinois Securities Act "substantially overlap with those of a 10b-5 claim." *Frankfurt v. Mega Entm't Group, Il*, No 15 CV 667, 2018 U.S. Dist. LEXIS 8640, *19 (N.D. Ill. 2018). "A plaintiff must demonstrate that the defendant (1) made a misstatement or omission of material fact, (2) in connection with the purchase or sale of securities, (3) upon which the plaintiff relied." *Id.* at *19-20.

Based on our analysis in Count I, we find that the Plaintiffs have adequately pled a violation under the Illinois Securities Act.

**III. Sufficiency of Count VII Fraud Claim**

To properly state a claim for fraud, the Plaintiffs must allege: "(1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance." *Barille v. Sears Roebuck and Co.*, 289 Ill.App.3d 171, 176 (1st Dist. 1997). This type of claim is governed by the Rule 9(b) heightened pleading standard, which dictates that claims must be stated "with particularity." Fed. R. Civ. P. 9(b). To meet this burden, "[a] complaint alleging fraud must provide 'the who, what, when, where, and how.'" *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

The Plaintiffs' allegations in Count VII regarding the Carillon Defendants do not rise to the level required by Rule 9(b). This count details the allegedly fraudulent statements made on the website used to solicit investors for the project. However, the amended complaint does not connect those statements to the Carillon Defendants in any way. It does not allege that the Carillon Defendants authored the statement, aided in its posting, or had any knowledge of its alleged falsity. Absent allegations concerning a factual involvement in the website's fraudulent statements, the amended complaint does not state a claim for fraud against the Carillon Defendants.

However, the Court does not view the amended complaint's allegations in a vacuum. While the facts relating to the website are deficient, the amended complaint is ripe with other allegations in support of a fraud theory. Indeed, the Court found that the factual support of the fraud-related claims in Counts I and II was sufficient to survive a motion to dismiss. As the amended complaint notes, the "Plaintiffs re-allege and reincorporate, as though fully set forth herein, each and every allegation above." Accordingly, the Court denies the Carillon Defendants' motion with respect to Count VII.

**IV. Sufficiency of Count III Breach of Contract[4]**

To establish a breach of contract claim under Illinois law, the Plaintiffs must

---

[4] The breach of contract claim is alleged against Carillon, Forefront, and Laytin. Symmetry has not been named as a party for the underlying allegation.

allege "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007).

The Plaintiffs have sufficiently pled a breach of contract claim. The Holdback Trigger states in relevant part that the:

> Capital Contributions will be held in escrow until the following conditions … have been satisfied:
> - …
> - The Partnership has provided evidence that the Project has been formally submitted to the Chicago Commissioner of Planning Development.

The Plaintiffs have alleged that the formal project can never be submitted to the Chicago Commissioner of Planning and Development because the project plan was rejected by Alderman Brendan Reilly, whose approval is an alleged prerequisite for formal submission. Taken as true, the Plaintiffs have plausibly alleged that the Carillon Defendants breached their contractual obligations by prematurely releasing funds from the escrow account. Accordingly, the motion to dismiss Count III is denied.

## V. Count VIII Breach of Fiduciary Duty Claim[5]

Under Illinois law, to establish a claim for breach of a fiduciary duty, the Plaintiffs must allege "the existence of a fiduciary duty, breach of that duty, and damages proximately resulting from that breach." *Autotech Tech. Ltd. P'ship v.*

---

[5] The breach of fiduciary duty claim is alleged against Carillon, Forefront, and Laytin. Symmetry has not been named as a party for the underlying allegation.

7

*Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006).

The parties do not dispute that the existence of an agency relationship between the Plaintiffs and the Carillon Defendants. The Plaintiffs have pled that Alderman Reilly rejected the project plan and allegedly had no intention of approving the project. This is especially plausible because the Plaintiffs claim that the demolition sight is under temporary landmark status, and "a permit to demolish these buildings has been recently denied." Comp. ¶ 26. Even assuming that the Plaintiffs could not expect a return of their investment until five years after the closing, the Plaintiffs have still plausibly alleged that the Carillon Defendants had a duty to keep them adequately informed. Indeed, the Seventh Circuit has held "that a failure to disclose material information will trigger a breach of fiduciary duties where the fiduciary's silence is misleading." *Adamczyk v. Lever Bros. Co.. Div. of Conopco*, 991 F. Supp. 931, 939 (N.D. Ill. 1997). Accordingly, the Carillon Defendant's motion is denied.

**VI. Validity of Count IX Administrator Appointment Claim**

"The appointment of a receiver is not a cause of action in itself." *Chen v. Wang*, 1996 WL 732517, at *9 (N.D. Ill. 1996). Rather, it is a form of relief tied to a substantive claim. As the Plaintiffs have adequately pled Counts I, II, III, VII, and VIII, Count IX will not be dismissed.

## **CONCLUSION**

For the aforementioned reasons, the Carillon Defendant's motion is denied. It is so ordered.

Dated: 07/12/2019

_____

Charles P. Kocoras
United States District Judge