UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINA DOU, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | | 18 C 7865 |
| ) | | |
| CARILLON TOWER/CHICAGO ) | | Judge Charles P. Kocoras |
| LP, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

## ORDER

Before the Court is Plaintiff Lina Dou's motion for class certification pursuant to Federal Rule of Civil Procedure 23. For the following reasons, the motion is granted.

## STATEMENT

The underlying facts in this case are detailed in our prior opinion.[1] The Plaintiffs bring this action on their own behalf and as a class action seeking a refund of their investment from Defendants Carillon Tower/Chicago LP ("Carillon"), Forefront EB-5 Fund (ITC) LLC ("Forefront"), Symmetry Property Development II LLC ("Symmetry"), and Jeffrey Laytin ("Laytin") (collectively, the "Defendants"). The Plaintiffs now seek class certification.

Class certification is governed by Federal Rule of Civil Procedure 23, under which the party seeking certification must demonstrate that: (1) the class is so numerous

---

[1] 1:18-cv-7865, Dkt. 130.

that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(1)–(4).

The proposed class must also satisfy at least one of the three requirements listed in Rule 23(b). The Plaintiffs rely on Rule 23(b)(2), which applies when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." The Plaintiffs also rely on Rule 23(b)(3), which applies when "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Finally, the class must be "sufficiently definite that its members are ascertainable." *Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 493 (7th Cir. 2012).

The Plaintiffs bear the burden "to demonstrate, by a preponderance of the evidence, that they have met each requirement of Rule 23." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 376 (7th Cir. 2015). "A class may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites for class certification have been met." *Id.* at 373 (internal quotations and citations omitted).

The Plaintiffs seek certification for the following class: "The 89 Chinese nationals who are limited partners in the Carillon Tower/Chicago LP and who have each paid $550,000.00 into that partnership." The Plaintiffs contend that the proposed class satisfies all of the requirements of Rules 23(a) and 23(b). The Court agrees.

Regarding the numerosity requirement, "where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met." *Pope v. Harvard Banschares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006). Given that the proposed class consists of 89 individuals, the first prerequisite for class certification is satisfied.

With respect to the commonality element, there must be questions of law or fact common to the class. "A common nucleus of operative fact is usually enough to satisfy the commonality element…." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). "A common nucleus exists where the class members' claims hinge on the same conduct of the defendants." *Pope*, 240 F.R.D. at 388. The Plaintiffs' allegations all stem from their agreement with and subsequent investment in Carillon Tower. Further, the Plaintiffs allege questions of fact and law common to the class, such as whether the Defendants breached the investment documents. The answer to this question will be the same with respect to each of the Plaintiffs, so this also satisfies the superiority requirement of Rule 23(b)(3) as the class claims will inevitably predominate over any possible individual claims. Accordingly, this suffices to meet the commonality requirement.

Pertaining to typicality, "the named plaintiff's claims or defenses must be typical of the class." *Pope*, 240 F.R.D. at 389. That occurs when the plaintiff's claim "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *Id.* As all of the claims at issue arise from the same investment agreement and would be grounded in the same legal theories, the typicality requirement is met.

Concerning the final prerequisite to class certification, the proposed class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To that end, the proposed class representative "must not have antagonistic or conflicting claims with other members of the class, and he must have a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Maxwell v. Arrow Fin. Serv., LLC*, 2004 WL 719278, at *5 (N.D. Ill. 2004). Given the similar nature of their claims and the lack of conflicting interests, the Plaintiffs and the putative class members satisfy the adequacy requirement. However, the Plaintiffs must also show that the proposed class counsel "meets requirements for adequacy of representation." *Id.* "Counsel for the named plaintiff must be experienced and qualified and generally be able to conduct the litigation." *Id.* As the hired counsel in this case has regularly engaged in complex litigation and class actions, the Court finds this prong of the adequacy test to be satisfied.

## **CONCLUSION**

For the aforementioned reasons, the Plaintiffs' Motion for Class Certification is granted. It is so ordered.

Dated: 9/11/2019

_____
Charles P. Kocoras
United States District Judge