UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINA DOU, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) 18 C 7865 |
| CARILLON TOWER/CHICAGO LP, *et al.*, | ) Judge Charles P. Kocoras |
| Defendants. | ) |

### ORDER

Before the Court is the Plaintiffs' motion to freeze the Defendants' assets pursuant to Federal Rule of Civil Procedure 65. For the following reasons, the motion is denied.

### STATEMENT

The underlying facts in this case are detailed in our prior opinion.[1] On July 1, 2019, the Plaintiffs filed a motion to freeze the Defendants' assets pursuant to Federal Rule of Civil Procedure 65. "Although [Plaintiffs] do not call it a motion for a preliminary injunction, it is apparent from the relief requested and the arguments Plaintiffs raise in support of their motion that Plaintiffs seek a preliminary injunction restraining the assets" of the Defendants. *Amari Co., Inc. v. Burgess*, 2008 WL 268698, at *1 (N.D. Ill. 2008).

---

[1] 1:18-cv-7865, Dkt. 130.

To succeed on a motion for preliminary injunction, the Plaintiffs must be "able to demonstrate that (1) they are likely to prevail on the merits of the case; (2) they will experience immediate and irreparable harm if the injunction is denied; (3) they lack an adequate remedy at law; (4) the balance of hardships favors them; and (5) the interest of the public at large favors the injunction. *Id.* at *4.

Under traditional circumstances, the Court believes that the Plaintiffs would meet these criteria. The Plaintiffs' claims arise out of a 2015 agreement between the parties to commence the Carillon Tower project. The Plaintiffs each invested $550,000 into the project—for a total of $49.5 million—as an EB-5 path to a green card. Construction was scheduled to begin in 2015 and to be completed by 2017. Four years have passed, and no shovel has hit the ground, yet the Defendants have exhausted the entirety of the Plaintiffs' investment. These events give rise to plausible claims for breach of contract at a minimum. Moreover, the Court has expressed concerns regarding the potential for fraud in this transaction. On the whole, the merits weigh in favor of the Plaintiffs.

The Plaintiffs also express legitimate concerns of irreparable harm by way of asset dissipation if the injunction is denied. The Defendants have represented that the Plaintiffs' investment is secured in the form of real estate. However, the properties are subject to a litany of encumbrances, including foreclosure and cross-collateralization.[2]

---

[2] "[A] court can take judicial notice of matters of public record." *Deicher v. City of Evansville, Wis.*, 545 F.3d 537, 541 (7th Cir. 2008).

Further, the Defendants have several outstanding judgments from state courts in New York and Illinois, totaling in the hundreds of thousands of dollars. Even in the instant litigation, the Defendants have not been able to satisfy their settlement agreement with Ying Yao, despite repeated assurances to do so. The Defendants' track record gives the Court pause regarding their ability to satisfy any future judgments.

These facts also demonstrate that an adequate remedy at law is lacking, as any monetary recovery has been unrealized thus far. Although "lack of an adequate remedy at law ordinarily means that money damages would not suffice," there is an exception for when the defendant is potentially or actually insolvent. *Monfardini v. Quinlan*, 2003 WL 21384642, at *2–3 (N.D. Ill. 2003). Given the number of competing and unpaid claims to the same pool of assets, this exception would apply.

The Court notes that the balance of hardships is a closer issue. We recognize the Defendant's fear that freezing their assets could have the effect of "killing" the Carillon Tower project. However, the Plaintiffs would also be severely burdened by the loss of $49.5 million, which for some was their life savings. Further, the Court finds that protecting such a significant investment against alleged fraud and misuse would be in the public interest, especially considering that the Defendants have had ample time to break ground on the project.

Despite the Court's appreciation for the desirability of a preliminary injunction in this case, We are barred from essaying such relief. According to the Supreme Court, We have "no authority to issue a preliminary injunction preventing petitioners from

3

disposing of their assets pending adjudication of [the Plaintiffs'] contract claim for money damages." *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 333 (1999). "Because such a remedy was historically unavailable from a court of equity," it is not within our power to issue a preliminary injunction under the present circumstances. *Id.*

## CONCLUSION

For the aforementioned reasons, the Plaintiffs' motion to freeze the Defendants' assets is denied. It is so ordered.

Dated: 9/11/2019

_____
Charles P. Kocoras
United States District Judge