IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Lina Dou, on behalf of herself** | ) | |
| **and all others similarly situated,** | ) | |
| Plaintiffs, | ) | No.: 1: 18-cv-07865 |
| | ) | |
| v. | ) | |
| | ) | **Judge Hon. Kocoras** |
| **Carillon Tower/Chicago LP;** | ) | **Magistrate Young Kim** |
| **Forefront EB-5 Fund (ICT) LLC;** | ) | |
| **Symmetry Property Development II LLC;** | ) | |
| **and Jeffrey L. Laytin** | ) | |
| Defendants. | ) | |

**Motion to Declare Contempt against Waterbridge Capital LLC for Failure to Answer Non-Party Subpoena under Fed. R. Civ. P. 45(g)**

This is a motion to hold non-party Waterbridge Capital LLC of New York City in contempt for failing to respond to a subpoena (Exhibit 1) served on them July 14, 2020, for production of documents or a simple statement explaining their role in the transaction at issue in this case by the deadline of August 10th (see return of service at Exhibit 2).

The Plaintiffs invested $44 million in Defendant Carillon Tower/Chicago LP which was earmarked for a loan to Symmetry Tower/Chicago Project Owner LLC. Repayment of this loan is necessary for Carillon Tower/Chicago LP to return the $44 million to the investors. The Plaintiffs asked Defendants to produce the loan agreement between these parties, but they claimed to be unable to find it.

In lieu, they produced an unfinished (full of blanks) "Financing Agreement" which states on the first page that repayment of the $44 million loan is guaranteed

by New York investment fund Waterbridge Capital LLC ("Waterbridge," see www.waterbridge.com).

The Financing Agreement had no signature from Waterbridge, so there is no telling if Waterbridge guaranteed the loan. This is vital information that could determine the entire outcome of this case: if Waterbridge guaranteed the loan, then the Plaintiff class could look to Waterbridge for repayment of the $44 million.

Attorney Litowitz reached out to Waterbridge by email on July 3, 2020 to obtain the information without a subpoena, but got no answer (see Exhibit 3). He reached out repeatedly by phone to Waterbridge's office (at the number on their website) to obtain the information without a subpoena, but got no answer. Waterbridge never responded to Litowitz's email or messages.

Having no other choice, Litowitz sent a non-party subpoena. As this Court can see from the subpoena, Litowitz eased the burden on Waterbridge by allowing them to simply provide a narrative account of their involvement in this transaction and a statement of whether they signed the Financing Agreement or otherwise guaranteed the loan. All they needed to do was provide a couple of pages explaining their role - if any - in this project. The date for production was August 10, 2020, giving them nearly a month to write a few pages.

Having not heard anything, Litowitz used back channels to locate a New York lawyer named Harry Shapiro who represents the principal owner of Waterbridge, but he claimed by email dated August 6th that he had not been retained on this particular matter (see Exhibit 4).

In summary, Litowitz has bent over backwards to avoid the need for a

subpoena, and he drafted the subpoena to allow a simple narrative answer in lieu of burdensome document production. Waterbridge was served personally by hand delivery (which cost Litowitz $200). Waterbridge have been called, emailed, and personally served. They just don't want to reply. That is contempt.

Fed. R. Civ. P 45(e) and (g) allow this Court to order compliance with a subpoena and to declare the recipient in contempt. Normally, Litowitz would ask for an order compelling compliance, but it is clear that Waterbridge is not going to respond until this Court issues an order that can be brought to New York and enforced in Waterbridge's backyard.

WHEREFORE, Plaintiffs seek an Order of Contempt under Rule 45(g) which they can take to New York federal court and enforce against Waterbridge in an ancillary proceeding.

Dated: August 11, 2020

> Respectfully submitted,
>
> */s/ Doug Litowitz*
>
> Counsel for Plaintiff
> Douglas Eliot Litowitz
> 413 Locust Place
> Deerfield, IL 60015
> (312) 622-2848

### Certificate of Service

I certify that on the 11th day of August 2020, I electronically filed this Motion to Declare Contempt with the Clerk of the Court using the CM/ECF system.

*/s/ Doug Litowitz*

3