AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

Lina Dou, Tingyang Shao, et al. (certified class)
_____
*Plaintiff*
v.
Carillon Tower/Chicago LP, Symmetry Property Development II LLC, Forefront EB-5 Fund (ICT) LLC, and Jeffrey Laytin
_____
*Defendant*

Civil Action No. 18-cv-07865

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Waterbridge Capital LLC, 115 West 18th Street, NYC, NY 10011

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please See Attached.

| Place: Law Office of Douglas Litowitz<br>413 Locust, Deerfield, IL 60015; litowitz@gmail.com | Date and Time:<br>August 10, 2020; 5pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/06/2020

CLERK OF COURT
                                                OR        /s/ Douglas E. Litowitz
_____                      _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff class
_____, who issues or requests this subpoena, are:

Douglas Litowitz and Glen Dunn

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 18-cv-07865

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Waterbridge Capital LLC

on *(date)* July ___, 2020 .

☑ I served the subpoena by delivering a copy to the named person as follows:

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lina Dou, on behalf of herself and all others similarly situated,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>Carillon Tower/Chicago LP;<br>Forefront EB-5 Fund (ICT) LLC;<br>Symmetry Property Development II LLC;<br>and Jeffrey L. Laytin<br>　　　　Defendants. | No.: 1: 18-cv-07865<br><br>Judge Hon. Kocoras<br>Magistrate Young Kim |

## SUBPOENA FOR DOCUMENT PRODUCTION TO NON-PARTY

To:　　Waterbridge Capital LLC, NY, NY 10011

　　　Pursuant to Fed. R. Civ. Pro. 45, the Plaintiff class ask that you produce the following documents in electronic form to Doug Litowitz at litowitz@gmail.com and Glen Dunn at gdunn@gjdlaw.com:

1) Any contracts, undertakings, guarantees, agreements, letters of intent, or understandings (executed or in draft, and marked as such) between or among (i) Waterbridge Capital LLC and/or any affiliates, and (ii) any above-named defendants and/or their affiliates including but not limited to Symmetry Tower/Chicago Project Owner LLC, Jeffrey Laytin, and Jason Ding.

2) Without limiting the foregoing, reference is made to a certain Financing Agreement dated 2015 (which has no date), the title page of which is attached, which was produced by defendants in discovery: this Agreement (our copy of which is unsigned by Waterbridge) purports that Waterbridge Capital LLC guarantees the repayment of a $45 million loan to Symmetry Tower/Chicago Project Owner LLC. Please provide an executed copy of this Agreement, or if it was never executed by Waterbridge, then please state so.

3) **NOTE: As an accommodation to ease the burden of production, if there are no executed or binding agreements to produce with respect to the first two requests, you may simply submit a sworn statement clarifying Waterbridge's involvement with the defendants.**

# FINANCING AGREEMENT

This FINANCING AGREEMENT (this "Agreement") is entered into this ___ day of _____, 2015 (the "Effective Date") by and between:

    1.    Symmetry Tower/Chicago Project Owner, LLC, a New York limited liability company qualified to do business in Illinois ("Borrower"), which will enter into a contract with Fordham Real Estate, LLC and Symmetry Property Development II, LLC ("Developers") to develop a mixed-use development in Chicago, Cook County, Illinois that will include hospitality, parking, restaurant and residential uses (Borrower and Developers are collectively referred to herein as the "Project Company"); and

    2.    Carillon Tower/Chicago, L.P., a New York limited partnership ("Lender") organized in accordance with the requirements for economic development projects within regional centers pursuant to the EB-5 Program as set forth under the United States Immigration Act of 1990, as amended ("EB-5 Program"), and for the purpose of promoting economic growth through, among other things, increased export sales, improved regional productivity, job creation and increased domestic capital investment, and to generate jobs through the EB-5 Program;

    3.    Waterbridge Capital, LLC, a New York limited liability company ("Guarantor") that shall provide certain performance guarantees to Lender for benefit of Borrower as provided herein; and

    4.    Tizi, LLC, an Illinois limited liability company doing business as "The Local Government Regional Center of Illinois, LLC," is the regional center which previously received approval to establish, and now operates the "Local Government Regional Center of Illinois" (the "Regional Center");

with reference to and in reliance upon the following facts:

## RECITALS

    A.    The Project Companies intend to develop a 42-story residential apartment rental, upscale hotel and restaurant complex (the "Project") at the North East corner of Superior and Wabash Streets in Chicago, Illinois (the "Property") to be called "Carillon Tower", with the uses and scope of development under the Project subject to suchmodification in the sole discretion of the Project companies;

    B.    Borrower has purchased the Property and is in the process of procuring entitlements on the Property;

    C.    The acquisition, development and construction activities of Carillon Tower has a budgeted total cost of approximately One Hundred Fifty Million, Four

CONFIDENTIAL    CD002338