UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINA DOU, on behalf of herself and all others similarly situated, | ) ) ) | No. 18 CV 7865 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| CARILLON TOWER/CHICAGO LP, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | September 11, 2020 |

**MEMORANDUM OPINION and ORDER**

Plaintiffs issued a subpoena to Waterbridge Capital LLC ("Waterbridge") of New York City seeking the production of documents or a notarized statement explaining its purported role in the transaction underlying this class action lawsuit. After the court denied Plaintiffs' motion to hold Waterbridge in contempt for failing to respond to their subpoena, Plaintiffs filed the current motion to modify the subpoena to allow them to retrieve any responsive documents from Waterbridge's office in New York. For the following reasons, Plaintiffs' motion is granted:

**Background**

On March 21, 2019, Plaintiffs filed an amended complaint alleging that Defendants committed fraud and violated federal and state securities laws in connection with a real estate investment. (R. 69, First Am. Compl. ¶¶ 65-134.) According to the amended complaint, Plaintiffs invested a combined $49.5 million in a downtown Chicago real estate project ("the Project") at the Defendants' behest.

(Id. at 1-2.) Plaintiffs allege that despite their investment, Defendants never completed the Project or even started it—that "no shovel was ever put into the ground." (Id. at 2.) Plaintiffs seek the return of their $49.5 million investment along with interest, penalties, and fees. (Id. at 2-3.)

In the course of discovery, Defendants were unable to produce a $44 million loan agreement which Plaintiffs say they "claimed to be unable to find." (R. 263, Contempt. Mot. at 1.) Plaintiffs submit that Defendants instead produced an "unfinished" and unsigned financing agreement showing that repayment of the $44 million loan is guaranteed by Waterbridge. (Id. at 1-2.) Plaintiffs assert that after receiving this unsigned document, they contacted Waterbridge "repeatedly . . . but got no answer." (Id. at 2.) Accordingly, Plaintiffs served a subpoena on Waterbridge in an effort to learn whether Waterbridge signed the financing agreement or otherwise guaranteed the loan. (Id.)

Plaintiffs assert that Waterbridge has been unresponsive to their subpoena, and accordingly, on August 11, 2020, Plaintiffs moved to hold Waterbridge in contempt. (R. 263.) The court denied Plaintiffs' motion without prejudice, finding that because Waterbridge's place of compliance is in New York, under Federal Rule of Civil Procedure 45 Plaintiffs' motion for contempt must be brought in the court for the district where compliance is required. (R. 265 (citing Fed. R. Civ. P. 45(c)(2), (d)(2)).) The next day, Plaintiffs filed the current motion to modify their subpoena to allow retrieval of the requested documents from Waterbridge's office in New York. (R. 266.)

2

## Analysis

Although the only relief Plaintiffs seek in the current motion is modification of their subpoena, the bulk of their motion is dedicated to their argument that the "100-mile rule" reflected in Federal Rule of Civil Procedure 45 should not apply to their attempt to obtain documents from Waterbridge. Specifically, they argue that because the subpoena seeks only emailed documents or a sworn statement describing Waterbridge's involvement with the loan, the geographic restrictions set out in Rule 45 should not pose a bar to Waterbridge's compliance. Rule 45 states that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed R. Civ. P. 45(c)(2)(A). Subpoenas "must issue from the court where the action is pending," Fed R. Civ. P. 45(a)(2), but the "serving party may move the court for the district where compliance is required for an order compelling production or inspection," Fed. R. Civ. P. 45(d)(2)(B)(i).

In 2013 Rule 45 was amended, in part to protect subpoena recipients. *See Raap v. Brier & Thorn, Inc.*, No. 17-MC-3001, 2017 WL 2462823, at *3 (C.D. Ill. July 7, 2017). The amendment assured "local resolution of disputes about subpoenas" by way of "the limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that the motions be made in the court in which compliance is required." *Id.* (citing Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment).) To require compliance in excess of the "100-mile rule" or,

3

alternatively, to require non-parties to litigate disputes in a distant forum, would defeat the amended rule's protective purpose. *Id.* While subpoena-related disputes must initiate in the court where compliance is required, explicit authority was created in the new Rule 45(f) for that court to transfer pertinent motions to the court where the action is pending where warranted. Fed. R. Civ. P. 45(f), Advisory Committee Notes, 2013 Amendment.

Plaintiffs argue that the "100-mile" rule should not apply here because their subpoena permitted Waterbridge, whose place of compliance is in New York, to produce any responsive documents via email. (R. 266, Mot. at 2-3.) To this end, Plaintiffs point out that at least one court in this circuit has found that "electronic production creates no geographical burden [on the subpoenaed party]." *See Gumwood HP Shopping Partners, L.P. v. Simon Prop. Grp., Inc.*, No. 3:11-cv-00268-JD-CAN, 2014 WL 12780298, at *3 (N.D. Ind. Nov. 20, 2014). They also challenge as unnecessarily burdensome any requirement that they "start an ancillary proceeding in New York just to obtain a one or two page statement from Waterbridge." (R. 266, Mot. at 3.)

Rule 45 contemplates the voluntary production of documents via email outside of the "100-mile rule" where the parties agree to such a compromise. *See* Fed. R. Civ. P. 45(c)(2), Advisory Committee Notes, 2013 Amendment. "Under the current rule, parties often agree that production, particularly of electronically stored information, be transmitted by electronic means . . . and nothing in these amendments limits the ability of parties to make such arrangements." *Id.* But

4

while Rule 45 leaves room for voluntary compromise around the 100-mile rule, it lacks any explicit exception to the rule with respect to email. Given the ubiquity of email in modern communication, to create an exception under which documents that can be produced via email are not subject to the rule's geographical limitations would entirely swallow the "100-mile rule" set forth within Rule 45.

However, the court has the inherent authority to modify subpoenas issued from this district. *See Simon v. Nw. Univ.*, No. 15 CV 1433, 2017 WL 66818, at *6 (N.D. Ill. Jan. 6, 2017) (citing *Mfg. Sys., Inc. of Milwaukee v. Computer Tech., Inc.*, 99 F.R.D. 335, 338 (E.D. Wis. 1983)). In the current motion, Plaintiffs seek to modify their subpoena to allow their representative to retrieve any responsive documents from Waterbridge's office in New York. (R. 266, Mot. at 3.) Similar modifications have been allowed by courts in this circuit. *See, e.g.*, *In re: Subpoena Upon Nejame Law, PA.*, No. 16-cv-4619, 2016 WL 3125055, at *3 (N.D. Ill. June 3, 2016); *Ott v. City of Milwaukee*, 274 F.R.D. 238, 242 (E.D. Wis. 2011) (requiring an agent of a serving party to travel to a non-party's offices to retrieve copies of requested documents).

Plaintiffs' proposed modification is consistent with the purposes of Rule 45 in that it will ease any burden on Waterbridge to produce documents more than 100 miles from its business location. Given this court's inherent authority to modify the subpoena, the motion is granted, and the subpoena is modified to permit Plaintiffs' counsel or representative to retrieve any responsive documents from Waterbridge's office in New York not later than September 25, 2020. To the extent Waterbridge

5

remains unresponsive, any subsequent efforts to enforce compliance with the modified subpoena must occur in the court for the district where compliance is required pursuant to Rule 45(d)(2)(B)(i).

## Conclusion

For the foregoing reasons, the motion is granted.

                                        **ENTER:**

                                        _____
                                        **Young B. Kim**
                                        **United States Magistrate Judge**