## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| Lina Dou, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-CV-07865 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Young B. Kim |
| Carillon Tower/ Chicago LP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **DECLARATION OF JEFFREY L LAYTIN**

I, Jeffrey L. Laytin, declare under penalty of perjury as follows.

1. On October 1, 2020, I responded to a directive of the Court in this matter and submitted a bank statement for an account in the name of Jeffrey L. Latyin, Attorney at Law, referenced at ECF Document 283.

3. This declaration affirms that the bank statement in the name of Jeffrey L. Latyin, Attorney at Law at Document 283 is the only account in my name to which I have sole and unrestricted access.

4. The Court has ordered me to attest that there are no other accounts in my name, personal, joint, or otherwise, as set forth therein. I have only one other bank account in my name. That bank account is a joint account, also under the name of my wife.

5. I am not the sole owner of funds in the joint account, and I am not the sole signatory to the account. My wife also owns the funds in the account and is a signatory to the account.

6. My wife is not a defendant in this matter. She has not and does not authorize me to expend funds jointly owned by her to be used in payment of sanctions ordered by the Court as a result of my business in acting as the manager of my co-defendants in this matter.

7. Based on the foregoing, I believed in good faith that it was a true statement to make to the Court that I personally as a named defendant in this matter did not have sufficient funds on August 31, 2020 to pay the $43,000 sanctions ordered by the Court.

8. As of August 31, 2020, my joint account did not have sufficient funds to pay the $43,000 sanctions ordered by this Court. My counsel will file that statement under seal with the Court in documentation of same.

Dated: October 7, 2020

Jeffrey L. Laytin

# IPN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Lina Dou, *et al*, ) | |
| ) | |
| Plaintiffs, ) | Case No. 18-CV-07865 |
| ) | |
| v. ) | Judge Charles P. Kocoras |
| ) | Magistrate Judge Young B. Kim |
| Carillon Tower/ Chicago LP, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DECLARATION OF CARILLON TOWER/CHICAGO LP

I, Jeffrey L. Laytin, declare under penalty of perjury as follows.

1. I am a manager of Carillon Tower/Chicago LP ("Carillon"). I am authorized to make this declaration on Carillon's behalf and do so based on personal knowledge.

2. On October 1, 2020, Carillon responded to a directive of the Court in this matter by stating "as has previously been reported, defendant Carillon does not have a bank account."

3. Plaintiffs requested that Carillon explain in a submission today the escrow account statements related to Carillon in TD Bank's production in this matter.

4. TD Bank maintains two "Trustee Clearing Accounts," which are restricted escrow accounts "for Further Credit to Name: Carillon Tower/Chicago LP." They have the same master account number, and separate subaccount numbers. One subaccount is called the "Contribution Escrow Account." The other is called the "Expense Escrow Account."

5. The Contribution Escrow Account and Expense Escrow Account were set up, respectively, for the limited purpose of holding the $500,000 Capital Contribution and $50,000 Administrative Fee contributed by each of the class members in this matter. As documented in the Chronology prepared by defendants, those funds were released to Symmetry's account and

spent in furtherance of project development. Carillon itself does not maintain an operating bank account or expend funds in furtherance of project development.

6. This declaration affirms that the Trustee Clearing Accounts described above are not, as a formal matter, bank accounts in the name of Carillon. Therefore, defendants did not believe it was necessary to include them in their October 1, 2020 filing with this Court. However, out of an abundance of caution, defendants will also file under seal statements for the Trustee Clearing Accounts, which will show insufficient balances as of August 31, 2020 to pay the sanctions ordered by this Court.

Dated: October. 7, 2020

Jeffrey L. Laytin

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Lina Dou, *et al*, | ) |
| | ) |
| Plaintiffs, | ) Case No. 18-CV-07865 |
| | ) |
| v. | ) Judge Charles P. Kocoras |
| | ) Magistrate Judge Young B. Kim |
| Carillon Tower/ Chicago LP, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **DECLARATION OF FOREFRONT EB-5 FUND ICT, LLC**

I, Jeffrey L. Laytin, declare under penalty of perjury as follows.

1. I am a manager of Forefront EB-5 Fund, ICT, LLC ("Forefront"). I am authorized to make this declaration on Forefront's behalf and do so based on personal knowledge.

2. On October 1, 2020, Forefront responded to a directive of the Court in this matter, and submitted a bank statement documenting Forefront's account balance as of August 31, 2020, referenced as ECF Document 283.

3. This declaration affirms that the Forefront bank statement at Document 283 is the only account held by Forefront.

Dated: October 7, 2020

_____
Jeffrey L. Laytin

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lisa Doe, et al., | |
| Plaintiff, | Case No. 16-CV-10848 |
| v. | Judge Charles E. Kinestra |
| Gaullier Tower Chicago LLC, et al., | Magistrate Judge Young B. Kim |
| Defendants. | |

## DECLARATION OF FOREMOST EB-5 FUND CLAIM

I, Bailey L. Layth, declare under penalty of perjury as follows:

1. I am a manager at Foremost EB-5 Fund, IC ("LLC" "Foremost"). I am authorized to make this declaration on Foremost's behalf and do so based on personal knowledge.

2. On October 1, 2020, Foremost responded to subpoenas of the Drum Subpoenas, and submitted a bank statement documenting Foremost's account balance as of Sept. 30, 2020, designated as PDF Document 287.

3. This declaration affirms that the Foremost bank statement at Document 287 is the only account held by Foremost.

Dated: October 2, 2020



Bailey L. Layth

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Lina Dou, *et al*, </br></br> Plaintiffs, </br></br> v. </br></br> Carillon Tower/ Chicago LP, *et al.*, </br></br> Defendants. | Case No. 18-CV-07865 </br></br> Judge Charles P. Kocoras </br> Magistrate Judge Young B. Kim |

## DECLARATION OF SYMMETRY PROPERTY DEVELOPMENT II, LLC

I, Jeffrey L. Laytin, declare under penalty of perjury as follows.

1. I am a manager of Symmetry Property Development II, LLC ("Symmetry"). I am authorized to make this declaration on Symmetry's behalf and do so based on personal knowledge.

2. On October 1, 2020, Symmetry responded to a directive of the Court in this matter, and submitted a bank statement documenting Symmetry's account balance as of August 31, 2020, referenced at ECF Document 283.

3. This declaration affirms that the Symmetry bank statement at Document 283 is the only account held by Symmetry.

Dated: October. 7, 2020

_____
Jeffrey L. Laytin