**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **Lina Dou, Tingyang Shao, Yixuan Tao,** ) | |
| **Xiuqin Xing, Emmy Go, Yanming Wang,** ) | |
| **Shiyang Xiao, Lihong Zhan, Geli Shi,** ) | |
| **Ying Yao, and others similarly situated** ) | |
| ) | **No.: 1: 18-cv-07865** |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Judge: Hon. Charles P. Kocoras** |
| **Carillon Tower/Chicago LP;** ) | |
| **Forefront EB-5 Fund (ICT) LLC;** ) | |
| **Tizi LLC d/b/a Local Government** ) | **Magistrate Judge Young B. Kim** |
| **Regional Center of Illinois;** ) | |
| **TD Bank N.A.;** ) | |
| **Symmetry Property Development II LLC;** ) | |
| **Fordham Real Estate LLC;** ) | |
| **and Jeffrey L. Laytin,** ) | |
| ) | |
| **Defendants.** ) | |

## SETTLEMENT AGREEMENT

This Stipulation of Settlement and Release ("Stipulation of Settlement" or "Settlement Agreement") is made and entered into on November 4, 2020 by and between Plaintiffs **Lina Dou, Tingyang Shao, Yixuan Tao, Xiuqin Xing, Emmy Go, Yanming Wang, Shiyang Xiao, Lihong Zhan, Geli Shi, Ying Yao,** (the "Named Plaintiffs"), individually for themselves and on behalf of all members of the Class, as certified by the Court in its order of September 11, 2019 (doc. no. 152)(together with the Named Plaintiffs, the "Party Plaintiffs," or "Plaintiffs"), and Defendants **Carillon Tower/Chicago LP, Forefront EB-5 Fund (ICT) LLC, Symmetry Property Development II LLC, Jeffrey L. Laytin** and non-party **Jason Ding**; and any other subsidiary, predecessor or successor (together, "Defendants") and is subject to the terms and

conditions hereof and the approval of the Court. Plaintiffs and Defendants are referenced collectively herein as "the Parties."

## BACKGROUND AND RECITALS

1. On November 28, 2018, Annabelle Yao filed the instant litigation as a putative collective action in the United States District Court, Northern District of Illinois alleging that Defendants had violated , amongst other statutes, the Securities Exchange Act of 1934 by wrongfully and fraudulently converting the investments of the plaintiff and the class members in the EB-5 project known as Carillon Tower.

2. Defendants deny any liability or wrongdoing of any kind associated with the claims that are or were alleged in this collective lawsuit ("the Action) and the Operative Complaints, and, for any purpose other than settling the Action, further deny that this action is appropriate for class or collective treatment. Defendants contend, among other things, that they have complied at all times with all applicable federal laws.

3. The Parties have conducted substantial discovery in the Action, including taking the Rule 30(b)(6) corporate representative deposition of the central figure in these transactions, Jason Ding, conducting an evidentiary contempt hearing before the Honorable Judge Kocoras of Jeffrey L. Laytin, issued and answered written discovery and reviewed thousands of pages of banking records belonging to several of the defendants and non-parties to understand the path and disposition of the plaintiffs' investment assets. The Parties have also engaged in extensive motion practice before this Court.

4. On September 11, 2019, Judge Kocoras granted Plaintiffs' motion for class certification. This settlement agreement seeks to issue a combined class notice and settlement

2

notice upon that certified class of investors who the parties believe number 88, exempting Annabelle Yao, who has previously settled her individual action before Judge Kocoras.

5. After various discovery rulings by the Court, the parties met at the offices of Class Counsel on October 14, 2020 to discuss the resolution of the pending claims and achieve a full refund of the plaintiffs and class members. As a result of these negotiations, the parties reached an agreement to resolve the Action. At all times, the negotiations leading to this Stipulation of Settlement have been adversarial, non-collusive, and at arm's length.

6. For purposes of this Settlement Agreement, the "Settlement Class" consists of all Party Plaintiffs and members of the certified class who do not timely opt-out of the Action.

7. Plaintiffs believe they have filed a meritorious action. Plaintiffs contend that Defendants violated the Securities Exchange Act of 1934 and that this case is appropriate for class treatment under F.R.C.P. 23.

8. Pursuant to the terms of this Settlement Agreement, it is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between them arising from the Actions. In order to achieve a full and complete release of Defendants of such disputes and claims, each Settlement Collective Member (which includes any legal heirs and/or successors-in-interest of each Settlement Collective Member), through execution of the Stipulation and Settlement by their counsel, acknowledges that this Stipulation of Settlement is intended to include in its effect all claims arising from the allegations in the Complaint.

9. It is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims arising from the factual allegations in the Action, including, without limitation, claims in the nature of breach of contract,

violation of both the Securities Exchange Act of 1934 and the Illinois Securities Act, Conversion, Breach of Fiduciary Duty, as well as claims for attorneys' fees and costs based on the foregoing claims. Said release shall include in its effect all Defendants identified in this agreement, and each of their present and former parent companies, subsidiaries, affiliates, shareholders, officers, partners, directors, members, servants, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future, successors and assigns, and each and all of their respective officers, partners, directors, members, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them (collectively, the "Releasees").

## TERMS OF SETTLEMENT

1. <u>Effective Date</u>: As reflected in the docket entry and transcript of the October 29, 2020 telephonic status hearing before Judge Kocoras, any settlement is contingent on:
(**1**) the Court granting preliminary approval of the deal; and
(**2**) Class Settlement Notice issuing to all class members; and
(**3**) 100% of the settlement funds (representing $550,000 for each class member who does not opt-out) being deposited in escrow with a title insurance company being held and disbursed pursuant to the requirements of the Release Documents, the money flowing directly from the credit facility into the escrow utilizing the earmark doctrine (as enumerated in paragraph 15 below) so that no corporate and/or individual defendants ever actually possess any settlement funds; and
(**4**) the Court granting final approval; and
(**5**) disbursement of all settlement funds in exchange for executed releases and settlement documentation.

2. Any failure, at any of the steps enumerated in paragraph 1 above, with the exception of the failure to fund described herein, will result in the return of the parties to their respective positions in the litigation. Any failure to fund the escrow trust account after the entry of an order granting final approval will result in the enforcement of the Liquidated damages clause enumerated in paragraph 3 below *and* returning the parties to their respective positions in the litigation as of the entry of the stay of proceedings by Judge Kocoras on October 29, 2020.

3. <u>Liquidated Damages</u>: If the settlement trust escrow is not funded on the agreed upon date, as will be reflected in the Court's Order granting final approval ("The Closing Date"), the Defendants jointly and severally, including the personal guarantees, are liable for liquidated damages for non-performance subject to a 45 day grace and cure period. The amount of liquidated damages is fixed at $25,000 for each class member who has not timely opted out of the class and $250,000 to class counsel.

<u>Grace and Cure Period</u>: The schedule of liquidated damages during the grace and cure period is as follows: (i) If the escrow trust has not been funded within 15 days following the date established by the order granting final approval, each class member will be owed and paid $5,000 and class counsel will be owed and paid $50,000; (ii) If the escrow trust has not been funded within 30 days following the date established by the order granting final approval, each class member will be owed and paid an additional $10,000 and class counsel will be owed and paid an additional $100,000; (iii) If the escrow trust has not been funded within 45 days following the date established by the order granting final approval, each class member will be owed and paid a further additional $10,000 and class counsel will be owed and paid a further additional $100,000. After the 45 day grace and cure period has ended without funding of the escrow trust, and once the liquidated damages have been paid, the parties will have the choice to renegotiate a new settlement or return to their respective positions in the litigation as of the stay of proceedings entered on October 29, 2020.

<u>Limited Set-off</u>: The parties agree that the liquidated damages can never constitute a set-off from any judgment and/or Order of the Court and/or collection effort in satisfaction from a judgment and/or order, however, the parties agree that the payment of any liquidated damages pursuant to this paragraph 3 to a class member can be used to off-set any future settlement with that class member in this litigation. The parties further agree that any payment of liquidated damages to class counsel cannot be used as a credit or offset for any monies due to class counsel or class members under any future settlement, order of the Court and/or judgment. The liquidated damages due under this paragraph 3 will be owed and paid by Defendants and the personal guarantees in accordance with schedule of liquidated damages during the 45 day grace and cure period described above.

4. <u>Establishment of Settlement Monies</u>: Defendants agree to pay a total sum of $550,000.00 per class member who does not opt-out of the class to fund their settlement obligations in the Action and $150,000 of additional attorney's fees ("Settlement Monies") in accordance with this Settlement Agreement. The aggregate amount of settlement monies to be funded will be established in the order granting final approval, once the report of opt-outs has been filed with the Court. Payments by Defendants pursuant to this Settlement Agreement shall settle all pending issues between the Parties, including, but not limited to, all payments of class claims, administration costs through the Effective Date, and attorneys' fees and costs, and enhancement awards. The payments made to members of the Settlement Class shall not be construed as compensation for purposes of

determining eligibility for unemployment compensation, including health and welfare benefits.

5. <u>Preliminary Approval</u>: The parties will seek preliminary approval of this settlement, inclusive of a motion for preliminary approval, the proposed Class Settlement Notice, the Release documentation, and the settlement agreement, within 21 days of executing this settlement agreement. It will be the responsibility of defense counsel to draft the motion for preliminary approval and the release documentation. It will be the responsibility of class counsel to draft the Settlement Class Notice and settlement agreement.

6. Class Notice: The Settlement Class Notice shall issue to all class members within 3 calendar days of the entry of the order granting preliminary approval. The parties agree that electronic delivery of the Settlement Class Notice will be sufficient notice and delivery under this Settlement Agreement. The Settlement Class Notice shall also be mailed to each Class Member. Defendants are responsible for delivering a list of all known physical addresses and email addresses for each Class member to Class Counsel no later than 24 hours after the entry of the Order granting preliminary approval. Class Counsel shall be soley responsible for delivering the Settlement Class Notice to all class members.

7. <u>Class Notice Period</u>: The Settlement Class Notice period shall be 45 days from the date of first mailing of the Settlement Class Notice.

8. Opt-out: Each Settlement Notice shall contain an "Opt-out" form. Such written request for withdrawal must contain the full name, current home (or mailing) address of the class member, and it must include the statement "I wish to withdraw from the case entitled "*Lina Dou, et al. v. Carillon Tower/Chicago LP, et al.*, N.D.Ill. Case No. 18-cv-7865", or words to that effect. The written request must be signed by the person requesting to withdraw.

It is the responsibility of the class member, and the class member alone, to deliver any validly executed "Opt-out" form to Class counsel on or before the last day of the Settlement Class Period. The class member must prove timely delivery upon Class counsel, not reasonable mailing, to establish the date of receipt of any request to opt-out. Any request to opt-out received after the 45 day Settlement Class Notice Period will be deemed untimely unless all parties agree, by way of stipulation, to allow any Class member to opt-out of the class late. Unless the parties so stipulate, any Class Member submitting an untimely or late "opt-out" form will still participate in the settlement. Any Class member contesting the timeliness of their own request to Opt-out must bring any dispute relating to the timeliness of their request to Opt-out for resolution before Judge Kocoras in the United States District Court, Northern District of Illinois, for hearing within 7 days of the end of the Class Notice Period.

      Each member of the Settlement Collective who does not return a valid and timely request to withdraw, and who does not obtain an order from the Court permitting their withdraw from the class, shall be bound by the terms of this Settlement Agreement.

9. <u>Final Approval</u>: The parties will seek final approval of the class settlement within 14 days of the last day of the 45 day Settlement Class Notice period. Class counsel shall be responsible for preparing the motion for Final Approval and all supporting documentation, including the report on all class members who are opting-out of the settlement.

10. <u>Escrow</u>: No later than 3 business days from the entry of an order granting Preliminary approval of this settlement, an escrow trust account will be established with a title insurance company with funds being held and disbursed pursuant to the requirements of the Release Documents. The purpose of this account is to receive the earmarked funding directly from the credit facility that Defendants direct to fund the Settlement. The escrow trust account will be locked and only joint signatures from both Defendants and Class Counsel can authorize the dispersal of the monies and items contained in the escrow trust account. Class counsel will also deposit the release documentation into the Escrow trust account before the closing date.

11. <u>Closing Date and Simultaneous Exchange</u>: Within 45 days of the entry of an order granting final approval of this settlement, the escrow trust account established pursuant to paragraph 10 above will be funded with 100% of the amounts owed under paragraph 4 of this agreement by way of wire transfer confirmed by electronic receipt (and will be referred to in the Order granting final approval as the "Closing Date"). On that same day, the amounts due to each Class Member who has not opted-out and the amounts due Class Counsel will be transferred, by way of wire transfer confirmed by electronic receipt, will be transmitted. Once the electronic receipts proving the transfers to the class members and class counsel are received, the fully executed release documentation will be distributed to the Defendants from the escrow trust account.

12. <u>Sufficiency of Class Counsel</u>: Defendants agree that Class Counsel are qualified to represent the class and will not contest their seeking approval to be confirmed as Class counsel.

13. <u>Class Counsel Fees and Costs</u>: Defendants agree that Class Counsel will seek payment of attorneys' fees not to exceed 25% of the gross recovery of each class member. Defendants agree they will not contest Class Counsel seeking preliminary and final approval of up to 25% of the gross recovery of each class member as costs, expenses, fees, incentive and multiplier under this settlement agreement. Nothing in this paragraph shall preclude Class Counsel from seeking more than 25% of the gross recovery of each class member as costs, expenses, fees, incentive and multiplier under this settlement agreement.

Only In the event that the Court does not allow for the recovery of costs, expenses, attorneys' fees, incentive and/or multiplier from the gross recovery of each class member in accordance with paragraph 13 above, the parties agree that they will confer in good faith to reach an resolution to payment of Class Counsel's fees and costs, or, alternatively seek the Court's assistance.

14. <u>Bad Faith Clause</u>: Prior to seeking final approval of this settlement, Defendants will provide to Class Counsel, *for attorneys eyes only*, and to the Court, *for in camera inspection*, all contracts and agreements that establish the credit facility that will fund the escrow trust account pursuant to this settlement. Those contracts and agreements provided pursuant to this paragraph 14 shall clearly establish that the fixed amount of funds due under paragraph 4 of this settlement agreement are earmarked, pursuant to the earmark doctrine under U.S. bankruptcy jurisprudence, for direct payment to Class counsel and all class members who do not opt-out, such funds to never be distributed or deposited into any accounts under the possession, custody and/or control of any corporate or individual defendants in this litigation, the officers and directors of the corporate defendants in this litigation and Jason Ding. Failure to comply with this clause shall subject the personal guarantees to the amounts enumerated in paragraph 3, liquidated damages, in addition to the amounts due under the settlement in the event any defendant and/or Jason Ding seek protection under the U.S. Bankruptcy Code within 90 days of the Closing Date.

15. <u>Report on Opt-Outs</u>: No less than 24 hours before the Closing date, Class Counsel shall provide Defendants with a sworn statement that all fully executed release documentation has been received from all Class members who have not opted out and that Class Counsel deposited all fully executed release documentation within the escrow trust account, in preparation for the simultaneously exchange on the Closing date when the funds are received and distributed to all parties owed under this agreement.

16. <u>Additional Attorneys' Fees</u>: Defendants agree pay Class Counsel $150,000.00 in fees, separately and in addition to the fees owed and/or potentially owed pursuant to paragraphs 3 and 13 (and expressly identified under paragraph 4) in consideration of separate claims of then putative class members that were resolved prior to the certification of the class.

17. <u>Disputes Relating to Class Notice and Release Documentation</u>: The parties will agree upon the form and contents of the Settlement Class Notice and the Release Documentation forms. In the event that the parties cannot agree on the form or substance of these materials within 14 days of the execution of this Settlement Agreement, the parties agree to jointly submit the issue for immediate consideration and resolution by Judge Kocoras on the next available hearing date available with the Court.

## RELEASE BY THE CLASS MEMBERS

18. Upon entry of the final judgment and dismissal with prejudice, each member of the Settlement Class, as will be identified in the order granting final approval, will release, to the extent permitted by law, any and all claims, known or unknown, contingent or accrued, against Defendants, their parent or subsidiary corporations and all agents thereof, arising under the PPM, the Securities Exchange Act of 1934, the Illinois Securities Act, Conversion, Breach of Fiduciary Duty, as well as claims for attorneys' fees and costs based on the foregoing claims, which arise from the claims plead in the operative complaints in the Action herein, and upon approval of the settlement by the Court. The consideration for the payments made by the Defendants and the terms described herein shall be in exchange for entry of the final judgment and dismissal with prejudice and the release of Defendants, and each of their present and former parent companies, subsidiaries, affiliates, shareholders, officers, partners, directors, members, servants, employees, agents, attorneys, insurers, predecessors, representatives, accountants, past, present, and future, successors and assigns, and each and all of their respective officers, partners, directors, members, servants, agents, shareholders, employees, representatives, accountants, insurers, and attorneys, past, present, and future, and all persons acting under, by, through, or in concert with any of them, from any and all claims, debts, liabilities, penalties, demands, obligations, guarantees, costs, expenses, attorneys' fees, and damages for the alleged violations of the statutes and doctrines plead in the operative complaints. This release will not become effective until and unless the settlement monies are transferred, by way of wire transfer with electronic receipt, to each class member who does not opt-out and class counsel. This release does not apply to any class member who timely opts-out of the class and remains in the Carillon Tower project.

**PARTIES' AUTHORITY**

19. The signatories hereto hereby represent that they are fully authorized to enter into this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof, subject to the terms and conditions contained herein.

20. The Plaintiffs representatives hereby consent to any judgment entered by the Court in this matter and pursuant to this settlement agreement. Upon Court approval of the Settlement Agreement, the Named Plaintiffs and all class members who do not opt-out from the settlement within the period designated herein shall be deemed to have resolved their dispute in the Actions with Defendants and to have released all claims against all Releasees as defined paragraph 18 above.

**MUTUAL FULL COOPERATION**

21. The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Stipulation of Settlement. The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable after execution of this Stipulation of Settlement, Collective Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's approval of this Settlement Agreement. In addition, neither Collective Counsel nor Defendants' counsel, nor any of their agents, will take any actions or undertake any efforts to encourage any Settlement Collective member to withdraw from the Settlement.

## NO PRIOR ASSIGNMENTS

23. The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## NO ADMISSION

24. Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability. Each of the Parties hereto has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. The Parties agree that this settlement and the Settlement Agreement reflect their good faith compromise of the claims raised in this action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

## CONSTRUCTION

25. The Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive arm's-length negotiations between the Parties. The Parties further agree that this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or its counsel participated in the drafting of this Stipulation of Settlement, and that this agreement and all communications, correspondence and representations made in furtherance of this agreement by the parties are expressly protected under Federal Rule of Evidence 408.

## CAPTIONS AND INTERPRETATIONS

26. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

27. This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

28. This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

29. This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## PLAINTIFFS' COUNSEL SIGNATORIES

30. It is agreed that because of the large number of class members, it is impossible or impractical to have each class member execute this Stipulation of Settlement, and that class counsel is fully authorized and designated to sign on their behalf.

## COUNTERPARTS

31. This Stipulation of Settlement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Stipulation of Settlement, which shall be binding upon and effective as to all Parties.

Dated: November 4, 2020

| | |
|---|---|
| PLAINTIFFS **Lina Dou, Tingyang Shao, Yixuan Tao, Xiuqin Xing, Emmy Go, Yanming Wang, Shiyang Xiao, Lihong Zhan, Geli Shi, Ying Yao** | DEFENDANTS **Carillon Tower/Chicago LP, Forefront EB-5 Fund (ICT) LLC, Symmetry Property Development II LLC, Jeffrey L. Laytin** and non-party **Jason Ding** |

By Class Counsel: _____

Date:_____

By Class Counsel: _____

Date:_____

Date:_____

Glen J. Dunn, Jr.
GLEN J. DUNN & ASSOCIATES, LTD,
121 West Wacker Drive
Suite 1414
Chicago, Illinois 60601
Tel: (312) 880-1010

**COUNSEL FOR PLAINTIFFS**

By: _____

Name: _____

Title: _____

Date:_____

By: _____

Name: _____

Title: _____

Date:_____

By:_____
     Attorney for Defendants

Date:_____

Daniel Hildebrand
Greenberg Traurig
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

**COUNSEL FOR DEFENDANTS**

| | |
|---|---|
| PLAINTIFFS **Lina Dou, Tingyang Shao, Yixuan Tao, Xiuqin Xing, Emmy Go, Yanming Wang, Shiyang Xiao, Lihong Zhan, Geli Shi, Ying Yao** | DEFENDANTS **Carillon Tower/Chicago LP, Forefront EB-5 Fund (ICT) LLC, Symmetry Property Development II LLC, Jeffrey L. Laytin** and non-party **Jason Ding** |

By Class Counsel: *[signature]*

Date: 11/5/20

By Class Counsel: *[signature]*

Date: Douglas Litowitz

Date: November 5, 2020

Glen J. Dunn, Jr.
GLEN J. DUNN & ASSOCIATES, LTD,
121 West Wacker Drive
Suite 1414
Chicago, Illinois 60601
Tel: (312) 880-1010

**COUNSEL FOR PLAINTIFFS**

By: _____
Name: _____
Title: _____
Date: _____

By: _____
Name: _____
Title: _____
Date: _____

By: _____
Attorney for Defendants

Date: _____

Daniel Hildebrand
Greenberg Traurig
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

**COUNSEL FOR DEFENDANTS**

| | |
|---|---|
| PLAINTIFFS Lina Dou, Tingyang Shao, Yixuan Tao, Xiuqin Xing, Emmy Go, Yanming Wang, Shiyang Xiao, Lihong Zhan, Geli Shi, Ying Yao | DEFENDANTS Carillon Tower/Chicago LP, Forefront EB-5 Fund (ICT) LLC, Symmetry Property Development II LLC, Jeffrey L. Laytin and non-party Jason Ding |

By Class Counsel: _____

Date: _____

By Class Counsel: _____

Date: _____

Date: _____

Glen J. Dunn, Jr.
GLEN J. DUNN & ASSOCIATES, LTD,
121 West Wacker Drive
Suite 1414
Chicago, Illinois 60601
Tel: (312) 880-1010

**COUNSEL FOR PLAINTIFFS**

By: _[signature]_
Name: Jeffrey Laytin
Title: Manager
Date: 11/5/20

By: _[signature]_
Name: JASON DING
Title: Manager
Date: 11/5/20

By: _[signature]_
Attorney for Defendants

Date: November 5, 2020

Daniel Hildebrand
Greenberg Traurig, LLP
77 West Wacker Drive
Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

**COUNSEL FOR DEFENDANTS**

14