# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Lina Dou, *et al*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 18-CV-07865 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | Magistrate Judge Young B. Kim |
| Carillon Tower/ Chicago LP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON MOTION FOR FINAL APPROVAL

This matter is before the Court on the Parties' Joint Motion for Final Approval of Class Settlement. (Doc. no. 301). The Court held a Preliminary Approval Hearing on December 3, 2020 and entered Preliminary approval of the proposed settlement agreement the same day. Doc. no. 300. The Court subsequently held a Final Approval Hearing on February 4, 2021, at 11:00 a.m. in Room 2325 of the District Court of the Northern District of Illinois, before the Hon. Charles P. Kocoras, that hearing date having been disseminated to all class members via the approved Class Notice, with counsel for both Plaintiffs and Defendants present. Based on the Joint Motion and attached materials, and presentations of counsel at the hearing, IT IS HEREBY ORDERED:

1. The Parties' Joint Motion for Final Approval of Class Settlement and Plan of Distribution (Doc. no. 301) is GRANTED.

2. The Court hereby affirms its determinations in the Preliminary Approval Order (Doc. no. 300) and hereby renders a final determination that the Settlement Agreement (Doc. no. 301-2), which provides for a full refund to all Plaintiffs who do not opt out of the class of their Capital Contribution ($500,000) and Administrative Fee ($50,000) paid to the Carillon Tower

project, pursuant to the terms and conditions of the Settlement Agreement, is fair, reasonable and in the best interests of the class. There were no objectors to the settlement, and none at the final approval hearing.

3. The Court also amends and affirms its prior September 11, 2019 ruling (Doc. no. 152), finding now upon the motion for final approval that the Class of Chinese Investors satisfies the requirements of Rule 23(a)(1)-(4), Rule 23(b)(2) and Rule 23(b)(3), but the Class formerly certified is amended to "83 Chinese nationals who are limited partners in the Carillon Tower/Chicago LP and who have each paid $550,00.00 into that partnership and who have not entered into separate settlement agreements with the Defendants or formerly qualified for a refund prior to the entry of the Class Certification Order of September 11, 2019." This 83 member Class is hereby certified pursuant to the stipulation of the parties and for settlement purposes. Nothing in this ruling exempts any non-class member from participating in, and being paid their refund from, the credit facility that will be established pursuant to this Final Approval and Plan of Distribution Order. Excluded from the Settlement Class are Defendants and their immediate family members. Also excluded from the Settlement Class are the persons listed on Exhibit 1 to the Joint Motion for Final Approval (Doc. no. 301-1) who are excluded from the settlement because they each timely delivered a duly executed opt-out form upon Class Counsel during the Class Notice Period.

4 The Court finds that all 83 Class members have duly and timely received the previously approved Class Notice, as ordered by this Court upon preliminary approval.

5. Pursuant to Rule 23 and the Federal Rules of Civil Procedure, and for purposes of this settlement, the Court hereby affirms its determinations in the Preliminary Approval Order and now finds that the Class Representatives for the Settlement Class are adequate and certifies

Lead Counsel as Class Counsel for the Settlement Class. Both Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the action and for purposes of entering into and implementing the settlement and have satisfied the requirements of Rule 23(a)(4) and 23(g), respectively.

6. The Court also approves the payment of reasonable attorneys' fees to Class Counsel for services rendered to the Class in the litigation and in achieving the result of a full refund of each Class Member's investment in the project, a percentage of the gross settlement fund equaling 25% of the settlement monies deposited in the settlement escrow account established pursuant to the preliminary approval order of this Court, in addition to the separately negotiated additional attorneys' fees outlined pursuant to paragraph 16 of the Settlement.

7. In conformance with the Settlement Agreement, Defendants have provided Class Counsel, for attorneys' eyes only, and this Court, for in camera inspection, all contracts and agreements that establish the credit facility that will fund the escrow trust account, as prescribed by paragraph 14 of the Settlement Agreement. (Doc. no. 301-2, pg. 8, para. 14).

8. Upon funding of the settlement escrow trust account, the settlement monies and executed settlement documentation shall be exchanged and distributed, including the reasonable attorneys' fees, in accordance with the terms of the Settlement Agreement, on the Closing Date.

9. The stay pending settlement previously entered in this matter shall continue until further order of Court.

ENTERED:

_Charles P. Kocoras_

Hon. Judge Charles P. Kocoras

DATED: 2/4/2021