**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Lina Dou, on behalf of herself** | ) | |
| **and all others similarly situated,** | ) | |
|     **Plaintiffs,** | ) | **No.: 1: 18-cv-07865** |
| | ) | |
|     v. | ) | |
| | ) | **Judge Hon. Kocoras** |
| **Carillon Tower/Chicago LP;** | ) | |
| **Forefront EB-5 Fund (ICT) LLC;** | ) | |
| **Symmetry Property Development II LLC;** | ) | |
| **and Jeffrey L. Laytin** | ) | |
|     **Defendants.** | ) | |

**PLAINTIFFS' MOTION TO APPOINT THIRD-PARTY
INDEPENDENT EXPERT UNDER FED. R. EVID. 706**

  Defendants have spent four months conveying the impression that they are on the verge of funding the class action settlement. Every Thursday morning they announce a new development supposedly bringing the funding within reach, and by the following Tuesday it fizzles out. They repeatedly submit "evidence" *in camera* but never in the public record.

  Buoyed by hope, the Plaintiffs and the Court have put aside their suspicions and let the Defendants spin a yarn that something magical has happened. Despite having no assets as collateral, no personal assets, plagued by lawsuits and hounded by creditors, with no track record and no construction permits - they have magically secured a non-specific working capital loan of hundreds of millions of dollars from a Bahrain lender, and the money is coming through the United Arab Emirates, winding circuitously through Dubai and/or Abu Dhabi, subject to unanticipated delays and unforeseen fees from unknown authorities, payable through a Sharjah Islamic bank. And the whole process takes place overseas, reflected in paperwork that Plaintiffs aren't allowed to copy. No third party has assessed the truth of this story.

The situation is ripe for an independent neutral expert. *Kelly v. Talbit*, 2017 WL 743885 at *2 (S.D. Ind. Feb 27, 2017)("It should go without saying that the goal of appointing a neutral expert is to provide the Court with a *neutral* opinion"). Accordingly, Plaintiffs move this Court under Fed. R. Evid. 706 to appoint an independent law firm to investigate the status of settlement proceedings. Rule 706 provides:

> **Rule 706. Court-Appointed Expert Witnesses**
>
> **(a) Appointment Process.** On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing. But the court may only appoint someone who consents to act.
>
> **(b) Expert's Role.** The court must inform the expert of the expert's duties. The court may do so in writing and have a copy filed with the clerk or may do so orally at a conference in which the parties have an opportunity to participate. The expert:
>
> **(1)** must advise the parties of any findings the expert makes;
>
> **(2)** may be deposed by any party;
>
> **(3)** may be called to testify by the court or any party; and
>
> **(4)** may be cross-examined by any party, including the party that called the expert.
>
> **(c) Compensation.** The expert is entitled to a reasonable compensation, as set by the court . . . . and the compensation is then charged like other costs.

The appointment of an expert under Fed. R. Evid. 706 is less burdensome than transfer of this case to a special master under Fed. R. Civ. P. 53 because there are fewer procedural hurdles and an expert can be appointed under Rule 706 by agreement of the lawyers. There are many law firms who have a presence in both Chicago and the Middle East:

1) **White & Case**. A massive law firm with offices in Chicago, Dubai and Abu Dhabi.
2) **Jones Day**. A massive firm with a strong Chicago legacy and an office in Dubai.
3) **K & L Gates**. A massive firm with offices in Chicago, Qatar and Dubai.

A neutral law firm should be provided with all documents submitted *in camera* to date, and be given a limited power of attorney to investigate the statements in those submissions. The costs of such investigation should be assessed against the Defendants because they are the cause of the delay in funding the settlement. The law firm should be charged with investigating the following matters:

1) Is there a loan from Awalco Investment Company WLL in Bahrain to the Defendants, and was it funded?
2) Is there really a performance bond from a Singapore insurance company?
3) Are the supposed wire transfer fees and anti-money laundering fees legitimate, and from what authority did they emanate?
4) Is there really a bank account in Defendants' name holding the settlement money?
5) Are there any further impediments to funding?
6) Why was this transaction structured to move through so many countries instead of a direct payment from the lender's home country of Bahrain?
7) Background check into Richard Simon and 'Dr. Abbas' to determine that they are legitimate agents of the lender?
8) In general, were the representations made *in camera* true?
9) When will funding actually take place?

A neutral expert will provide objectivity and allow the discourse to rise above 'he said - she said' speculation between opposing counsel, while also freeing up the Judge's time.

Nor can it be objected that the appointment of an expert will jeopardize the underlying funding of the settlement, since according to the Defendants the money is already in a segregated account in their name and under their control. And if the funding takes place *during* such investigation, so much the better, the investigation can be closed. This seems the best route to avoid the cycle of repeated weekly meetings.

WHEREFORE, Plaintiffs ask the Court to authorize opposing counsel to agree on a neutral independent third-party law firm to investigate the questions set forth above and to prepare a brief report for both parties and the Court.

Dated: September 1, 2021	Respectfully submitted,

*/s/ Doug Litowitz*
Counsel for Plaintiffs
413 Locust Place
Deerfield, IL 60015
312-622-2848
litowitz@gmail.com

**Certificate of Service**

I certify that on the 1st day of September, 2021, I electronically filed this Motion to Appoint Third-Party Independent Expert with the Clerk of the Court using the CM/ECF system.

*/s/ Doug Litowitz*